BOYD, Justice.
This cause is before the Court on appeal from a judgment of the Circuit Court of the Twelfth Judicial Circuit, Sarasota County. In rendering judgment, the court passed upon the constitutional validity of a state law. We have jurisdiction. Art. V, § 3(b)(1), Fla.Const. (1972).
Appellant Dwight Lee was charged with the offense of placing a witness in fear by threat of force in violation of section 918.-14(3)(a)(l), Florida Statutes (1979). Section 918.14(3) provides:
(3)(a) It is unlawful for any person:
1. To cause a witness to be placed in fear by force or threats of force;
2. To make an assault upon any witness or informant; or
3. To harm a witness by any unlawful act in retaliation against the said witness for anything lawfully done in the capacity of witness or informant.
(b) Any person violating the provisions of this subsection shall be guilty of a felony of the third degree, punishable as provided in S. 775.082, S. 775.083, or S. 75.084.
The information alleged that on October 11, 1979, appellant threatened the life of a prospective witness who was to testify against him in a pending criminal case. Appellant moved to dismiss the information on the ground that the statute is unconstitutionally vague and overbroad. After the denial of the motion to dismiss, appellant entered a plea of nolo contendere, specifically reserving the right to appeal the denial of his motion to dismiss. Based on this plea, the court adjudicated appellant guilty and imposed probation for two years.
On appeal, the appellant argues that section 918.14(3)(a)(l) is vague. We disagree and uphold the statute.
Statutes which define criminal offenses must do so in language that is definite enough to apprise ordinary persons of common intelligence of what conduct is proscribed. State v. Ashcraft, 378 So.2d 284 (Fla.1979); State v. Mayhew, 288 So.2d 243 (Fla.1973); Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934). Applying this standard to the language of section 918.14(3)(a)(l), we conclude that it is sufficiently definite “to convey a definite warning as to the conduct proscribed, measured by common understanding and practice.” Von Edwards v. State, 377 So.2d 684, 685 (Fla.1979); Zachary v. State, 269 So.2d 669 (Fla.1972).
The circuit court’s order upholding the statute was correct. Therefore, we affirm the judgment.
It is so ordered.
SUNDBERG, C. J., and ADKINS, OVER-TON, ENGLAND, ALDERMAN and MCDONALD, JJ., concur.