404 So.2d 388 (1981)
Archie B. GRAY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 80-480.
District Court of Appeal of Florida, Fifth District.
October 7, 1981.
*389 James B. Gibson, Public Defender, Mary Sue Donsky and T.R. Mott, Asst. Public Defenders, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Phillip D. Havens and James Dickson Crock, Asst. Attys. Gen., Daytona Beach, for appellee.
COWART, Judge.
This case involves the sufficiency of the allegations in an information charging appellant with violation of section 918.14(3)(a)(1), Florida Statutes (1979), prohibiting "tampering with witnesses." The relevant portion of that statute provides:
(3)(a) It is unlawful for any person:
1. To cause a witness to be placed in fear by force or threats of force.
The information alleges that:
ARCHIE BEAUREGARD GRAY, JR. on the 1st day of May, 1979 in said County and State, did, in violation of Florida Statutes 918.14(3)(a), unlawfully cause HILDA RICE, a witness for the State of Florida to be placed in fear by force or threats of force.
The first question relates to the sufficiency of these allegations to allege a crime.
The word "witness," when used as a noun as in this statute, has two meanings that are sufficiently different that the use of one meaning results in the statute applying so broadly that the word witness would have no moment, while the use of the other meaning assumes and requires the existence of certain other ultimate facts not expressly required by the statute. The first meaning of "witness" merely refers to one who has personal knowledge of something. Since every person has personal knowledge of something, to so construe the word "witness" in this statute would equate it with the word "person" and would apply it so broadly as to deprive it of any significant meaning. The second meaning of the word "witness" is more narrow and refers to a person who (a) has given, is giving, is expected, or has been asked or directed, to give (b) testimony (c) in some cause or proceeding (d) before some forum or tribunal. *390 If this second meaning of the word "witness" was intended, then the existence of some investigation, cause, trial or proceeding and of some forum or tribunal is essential as being a part of the meaning of the word witness. Additionally, the forum or tribunal should be limited to official governmental authorities. A list of such forums or tribunals is made a part of a closely related subsection section 918.14(1), Florida Statutes (1979), but a similar list is not contained in subsection 918.14(3)(a)1, Florida Statutes (1979). State v. Murray, 349 So.2d 707 (Fla. 4th DCA 1977). Murray holds that under this statute "it must be alleged that the defendant knew the alleged victim was a witness. Some connection between the actions of the defendant and the fact the alleged victim was witness must also be alleged in order to allege a violation of this statute which is in effect an enhanced penalty statute." Id. at 708 (emphasis added).
In order for a statute proscribing conduct to be constitutional, the legislature must have a legitimate interest in regulating such conduct and the statute enacted must reasonably and rationally relate only to the conduct the legislature intends to prohibit. In the instant case, in order for such statutory prohibition to pass constitutional standards of definiteness and breadth of application so as to avoid encompassing conduct which is essentially innocent, the statute should be more narrowly worded to provide that it is unlawful for any person (1) knowing (2) that a witness may give testimony (3) in some trial, proceeding or investigation, (4) pending or to be instituted in some [specifically described official governmental] forum or tribunal, (5) to cause such witness to be placed in fear (6) by the use of, or threat to use, force, (7) with the intent to cause such witness to withhold testimony or to testify falsely. The statute actually only expressly provides the fifth and sixth elements. Perhaps, by a long reach, elements two, three and four could be inferred from the use of the one word "witness" but the necessity for an element of knowledge (scienter) (being element one above) and intent (being element seven above) was pointed out in Murray in 1977 and the legislature has not acted to supply those omissions. The legislature could not, constitutionally, have intended to punish as a felony all conduct that would literally fall within the expressed statutory definition (elements five and six above).[1]
An information alleging in proper form material and relevant ultimate facts which, if proven, would establish all of the constituent elements set forth in a constitutionally sufficient statutory criminal offense ought to be sufficient to charge that offense. In this case the information does allege facts relating to all of the elements expressly required by this statute, but it does not allege all elements essential to constitute the crime. When a court construes a statute defining a crime, elements cannot be properly supplied by inference or taken by intendment.[2] Neither should courts by judicial fiat or decision supply elements essential to a criminal offense but which are omitted by the legislature from the statutory definition. Such a practice constitutes a judicial intrusion into the legislative branch of government and disregards the court's duty to measure statutes against constitutional standards. Without discussing the elements of this offense or mentioning Murray, the Florida Supreme Court in the recent case of Lee v. State, 397 So.2d 684 (Fla. 1981), has held this statute constitutional on the basis that it is sufficiently definite to convey a definite warning as to the conduct proscribed, measured by common understanding and practice. We are, of course, bound by that decision.
Article I, Sec. 16, of the Florida Constitution, as well as comparable federal constitutional provisions, requires that in all criminal prosecutions the accused shall, *391 upon demand, be informed of the nature and cause of the accusation against him, and shall be furnished a copy of the charges. This provision, as well as Florida Rule of Criminal Procedure 3.140(d), essentially requires that the charging document in a criminal case must allege the essential facts constituting the offense charged. The facts which are essential are those necessary to show the jurisdiction of the court, to identify the accused (Fla.R.Crim.P. 3.140(d)(2)), to show the time and place of the commission of the offense (Fla.R. Crim.P. 3.140(d)(3)) and facts which, if proved, would establish all of the elements of the offense charged.
The defendant did not move to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(c) for its failure to allege all essential elements of this offense. That rule provides in part that "except for objections based upon fundamental grounds every ground for motion to dismiss which is not presented by a motion to dismiss within the time hereinabove provided for shall be taken to have been waived." Thus the next question is whether the failure of an information to allege all essential elements of an offense is "fundamental" within the meaning of this rule and the usual rule that only "fundamental error" can be addressed on appeal without first having been presented to, and ruled upon by, the trial court.
We believe that it is constitutionally essential, and therefore fundamentally necessary, for the charging document in a criminal case to allege all of the essential elements of a criminal offense. The "notice" theory of pleading[3] relates only to civil cases. More than merely warning of prohibited conduct, or notifying the defendant that he has been accused, the charging document in a criminal case constitutes a serious assertion by the State that the allegations contained therein are all that is necessary for the State to prove at trial in order to secure a conviction. Further, the allegations of the elements of the offense in the charging document are part of the constitutionally required notice and serve to advise the accused as to the ultimate facts that are to be litigated at his trial. The defense is entitled to rely on the sufficiency of this notice in preparation for trial, calling affirmative and rebuttal witnesses as necessary to put in issue those factual allegations to be actively contested, with assurance that, at trial, the State can present only incriminating evidence probative of the ultimate facts alleged in the charging document. "Essential element" means an ultimate fact essential to the allegation of a criminal offense and when a charging document fails to allege an essential element it fails to charge a criminal offense.
We quote with approval from State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980):
Our analysis begins with the proposition that there is a significant distinction between an indictment or information which completely omits an essential element of an offense and one which imprecisely or incompletely alleges an essential element of a crime. In the former situation, the total omission is fatal. State v. Dye, 346 So.2d 538, 541 (Fla. 1977). In the latter category, however, an imperfect allegation, unless timely challenged by a motion to dismiss, shall be deemed to have been waived. Rule 3.190(c), Fla.R. Crim.P.
Id. at 130.
Since failure of the charging document to charge a crime goes to the foundation of the case and the merits of the cause, the error would appear to be "fundamental"[4] *392 and not subject to the contemporaneous objection rule. Additionally, the exception for jurisdictional defects[5] allows appellate review where a charging instrument fails to charge an offense. Bridges v. State, 376 So.2d 233 (Fla. 1979). Thus, even though a defendant may have entered a plea of guilty, where the information wholly fails to charge a crime against the defendant, it is void and must be set aside. Catanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971).
Although courts have gone so far as to hold a defendant to a waiver of objection to a charging document which fails to charge a criminal offense, as in West v. State, 149 Fla. 436, 6 So.2d 7 (1942), relief from a conviction based on a charging document which fails to charge a criminal offense is generally granted in habeas corpus proceedings. See Gibbs v. Mayo, 81 So.2d 739 (Fla. 1955); State ex rel Kelly v. Whisnant, 80 So.2d 611 (Fla. 1955). A state judgment of conviction of a nonexistent offense would appear to deny state and federal constitutional due process and therefore warrant relief by habeas corpus. See Adams v. Murphy, 598 F.2d 982 (5th Cir.1979) (involved in Adams v. Murphy, 394 So.2d 411 (Fla. 1981)). It makes no sense to hold on appeal that the failure to attack a charging document for failure to allege a crime by pretrial motion under Florida Rule of Criminal Procedure 3.190(c) constitutes a waiver and then to remedy the result of that defect and that holding by later granting habeas corpus. Accordingly, we hold that an objection that a charging document fails to allege all essential elements and wholly fails to allege a crime is an objection "based on fundamental grounds" within the exception in Florida Rule of Criminal Procedure 3.190(c) and can be raised for the first time on appeal. For the reasons given above we further hold that the information in this case failed to allege all essential elements necessary to charge a crime. Therefore, we reverse the conviction, vacate the sentence and remand for further proceedings, if any.
REVERSED AND REMANDED.
FRANK D. UPCHURCH, Jr., J., concurs.
COBB, J., concurs specially with opinion.
COBB, Judge, concurring specially.
I concur only in the result reached by the majority opinion for the reason that the state failed to prove a nexus between the actions of the defendant and the status of Hilda Rice as a state witness. See State v. Murray, 349 So.2d 707 (Fla. 4th DCA 1977).
NOTES
[1] Literally, the innocent but violent slamming of a door could unintentionally frighten or alarm a witness whose presence and status was unknown, and thereby violate this statute.
[2] Gibbs v. Mayo, 81 So.2d 739 (Fla. 1955); Smith v. State, 75 Fla. 468, 78 So. 530 (1918).
[3] In recent years, the general trend of pleading in civil matters has developed such that "adequacy of notice" to the other party is the main concern. See, e.g., Fla.R.Civ.P. 1.110.
[4] Clark v. State, 363 So.2d 331 (Fla. 1978). The fundamental nature of this error has been stated various ways but review has still been granted. See, e.g., Mills v. State, 58 Fla. 74, 51 So. 278, 280 (1910) ("If the indictment be defective in the statement of matter to be charged, if it entirely omits an averment which is an element of the offense, or fails to state circumstances which constitute the definition of the offense charged when necessary to advise the prisoner of the charge against him, such defect or omission will be fatal to the indictment... ."); Brown v. State, 42 Fla. 184, 27 So. 869, 870 (1900) ("if an indictment wholly fails to state a criminal charge against the defendant, he may take advantage of that fatal defect primarily in the appellate court... .").
[5] The jurisdictional nature of a failure to allege every element of a particular crime is most clearly presented when the state tries to allege a felony in a single count charging document but, because of the omitted element, only alleges a misdemeanor. Unless a felony is adequately charged, the circuit court does not have jurisdiction to proceed and any action it subsequently takes is void. See, e.g., Nelson v. State, 398 So.2d 920 (Fla. 5th DCA 1981) (information charging defendant with willfully or carelessly burning a field only charged a misdemeanor and circuit court therefore did not have jurisdiction); Radford v. State, 360 So.2d 1303 (Fla. 2d DCA 1978) (information that failed to allege defendant "knowingly" battered a law enforcement officer failed to charge a felony and jurisdiction of the battery alleged was in the county court); Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972), cert. discharged, 283 So.2d 99 (Fla. 1973) (information that failed to allege that accused was previously convicted of a drug offense or that this offense involved more than five grams failed to allege a felony and jurisdiction of the misdemeanor alleged was in county court). If a felony is not adequately alleged (an essential element is omitted), circuit court jurisdiction is lost. If the elements alleged adequately charge a misdemeanor, jurisdiction rests in the county court; however, if the elements alleged utterly fail to charge a crime of any magnitude (misdemeanor or felony), jurisdiction does not "spring back" to the circuit court, it simply does not exist.