PER CURIAM.
The state appeals from an order granting the appellee’s motion to dismiss an information alleging, inter alia, two counts of tampering with a witness, section 918.14(1), Florida Statutes (1979). We reverse.
A review of the counts of the information in question,[1] indicates that the state basically tracked the statutory language of section 918.14(1).[2] This practice has been *1222 generally upheld as affording an accused his constitutionally mandated right to be properly informed of the charges against him. State v. Dilworth, 397 So.2d 292 (Fla. 1981). However, it is clear that an information is defective if it does not allege that all acts which constitute the elements of a crime were committed by the defendant. Hamilton v. State, 129 Fla. 219, 176 So. 89, 112 A.L.R. 1013 (1937).
The order granting the appellee’s motion to dismiss specifically cited Gray v. State, 404 So.2d 388 (Fla. 5th DCA 1981). In Gray, the court construed an information tracking the statutory language of section 918.14(3)(a)1, Florida Statutes (1979). Section 918.14(3)(a)1 is a companion section to section 918.14(1). First, the Gray court was concerned that the information failed to allege that the witness that was allegedly influenced was a witness “in some trial, proceeding or investigation . . . pending or to be instituted in some [specifically described official governmental] forum or tribunal.” The Gray court did indicate, however, that “a list of forums or tribunals is made a part of . . . section 918.14(1). . . . ” The result is that tracking the statutory language of section 918.14(1) in drafting an information would, in fact, supply this necessary allegation. Importantly, the information under scrutiny here specifically stated that the appellee/defendant knew an investigation was proceeding in one of the alternatively listed forums and tribunals specifically included in section 918.14(1).
The appellee/defendant contends that the information did not specifically allege scien-ter. Scienter here would be knowledge that the “witness” was to be a witness in one of the aforementioned forums. Furthermore, the appellee/defendant argued that the information did not specifically allege intent to cause such witness to withhold testimony or to testify falsely. However, the information did allege that, knowing that an investigation was under way in one of the aforementioned tribunals or forums, the appellee/defendant “did endeavor ... to induce or otherwise cause a witness ... to testify or inform falsely or withhold any testimony.” The American Heritage Dictionary defines endeavor as “a conscientious or concerted effort toward a given end.” [Emphasis added.] American Heritage Dictionary 431 (New College Ed. 1981). It goes without saying that one who makes a conscientious effort toward an end has the requisite knowledge of the circumstances (scienter) and an intent to achieve that end.
In addition to expressing the elements of the crime, an information must express such elements in a way that the accused is neither misled or embarrassed in the preparation of his defense nor exposed to double jeopardy. State v. Dilworth. Here, additional facts supplemented the information. The information named the witnesses alleged to be tampered with. Furthermore, the information indicated what the appellee/defendant was attempting to cause said witnesses to do: “should not talk to anyone and should state that said witness had not seen anything.” Thus, the information in this case was sufficient to meet the above-mentioned standards.
Accordingly, this case is reversed and remanded for further proceedings consistent with this opinion.
GRIMES, A.C.J., and SCHEB and SCHOONOVER, JJ., concur.

. The pertinent counts read as follows:
COUNT II. And the State Attorney aforesaid, under oath as aforesaid, further information makes that GEORGE BUNYAN BUTLER of the County of Pasco and State of Florida, on the twelfth day of September in the year of our Lord, one thousand nine hundred eighty one in the County and State aforesaid knowing that any investigation by duly constituted prosecuting attorney, law enforcement agency, grand jury, legislative committee is pending or knowing such is about to be instituted, did endeavor to attempt to induce or otherwise cause a witness, to-wit: George Aldridge, to testify or inform falsely or withhold any testimony, information document or thing, to-wit: should not talk to anyone and should state that said witness had not seen anything; contrary to Chapter 918.14, Florida Statutes and against the peace and dignity of the State of Florida.
COUNT III. This count reads exactly as Count II, except that the name of the witness is changed.

. Although neither party raised this fact, it is noted that the information improperly indicated: “did endeavor to attempt to induce or otherwise cause a witness... . ” [Emphasis *1222 added.] Checking the statute, it is apparent that the drafter of the information intended to include the word “or” instead of “to” in the aforementioned statement. As neither party raised this, it was apparently a typographical error. This error may be cured on remand.