435 So.2d 816 (1983)
STATE of Florida, Petitioner,
v.
Archie B. GRAY, Jr., Respondent.
No. 61381.
Supreme Court of Florida.
July 21, 1983.
*817 Jim Smith, Atty. Gen., and James Dickson Crock and Richard B. Martell, Asst. Attys. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender, and Cynthia Karl-Stamm and Michael B. Jones, Asst. Public Defenders, Seventh Judicial Circuit, Daytona Beach, for respondent.
BOYD, Justice.
The State of Florida seeks review of the decision in Gray v. State, 404 So.2d 388 (Fla. 5th DCA 1981), which reversed respondent's conviction on the ground that the information by which he was charged failed to allege all essential elements of the crime and was therefore fundamentally defective and subject to attack by motion in arrest of judgment. Since the district court's decision expressly and directly conflicts with decisions of this Court and other district courts of appeal, we have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Respondent was charged with violating section 918.14(3)(a)1, Florida Statutes (1979), which provides:
(3)(a) It is unlawful for any person:
1. To cause a witness to be placed in fear by force or threats of force;
This statute is a part of section 918.14, which bears the heading "Tampering with witnesses," and which provides as follows:
918.14 Tampering with witnesses. 
(1) It is unlawful for any person, knowing that a criminal trial, an official proceeding, or an investigation by a duly constituted prosecuting authority, a law enforcement agency, a grand jury or legislative committee, or the Judicial Qualifications Commission of this state is pending, or knowing that such is about to be instituted, to endeavor or attempt to induce or otherwise cause a witness to:
(a) Testify or inform falsely; or
(b) Withhold any testimony, information, document, or thing.
(2) If any person violates the provisions of this section by the use of force, deception, threat, or offer of pecuniary benefit to induce any conduct described in subsection (1), the violation shall constitute a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. In all other cases, a violation shall constitute a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(3)(a) It is unlawful for any person:
1. To cause a witness to be placed in fear by force or threats of force;
2. To make an assault upon any witness or informant; or
3. To harm a witness by any unlawful act in retaliation against the said witness for anything lawfully done in the capacity of witness or informant.
(b) Any person violating the provisions of this subsection shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The information charged the offense of violating subsection (3)(a) by alleging that:
ARCHIE BEAUREGARD GRAY, JR., on the 1st day of May, 1979 in said County and State, did, in violation of Florida Statutes 918.14(3)(a), unlawfully cause HILDA RICE, a witness for the State of Florida to be placed in fear by force or threats of force.
The case was tried to a jury, which found respondent guilty of attempting to cause the witness to be placed in fear by force or threats of force. Respondent then filed a motion for an order in arrest of judgment in which he challenged for the first time the sufficiency of the information to charge the crime. The motion asserted that the information was defective for failure to include allegations of all the essential elements of the offense. The trial court denied the motion and on appeal respondent argued that the ruling was error.
On appeal, the district court ruled that in order for section 918.14(3)(a)1 "to pass constitutional *818 standards of definiteness and breadth of application so as to avoid encompassing conduct which is essentially innocent," 404 So.2d at 390, the statute had to be construed to require, as elements of the offense, proof of scienter and intent. Having construed these two elements into the statutory definition of the offense, the court went on to hold that the failure of the information to contain allegations of these elements rendered it fundamentally defective and therefore subject to challenge by a motion in arrest of judgment.
Thus the district court ruled on two issues in deciding the appeal: (1) whether the information had failed to allege certain matters that were essential elements of the offense sought to be charged; and (2) whether such failure rendered the information so fundamentally defective that the defect was cognizable when raised for the first time by motion in arrest of judgment.
Regarding the second issue, the state argues that the failure of respondent to have challenged the sufficiency of the information by motion to dismiss constituted a waiver and should have precluded the raising of the issue at a later time. The state cites cases holding that defects in charging documents are not always fundamental where the omitted matter is not essential, where the actual notice provided is sufficient, and where all the elements of the crime in question are proved at trial. See, e.g., Tracey v. State, 130 So.2d 605 (Fla. 1961); State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980); Haselden v. State, 386 So.2d 624 (Fla. 4th DCA 1980); Caves v. State, 302 So.2d 171 (Fla. 2d DCA 1974), cert. denied, 314 So.2d 585 (Fla. 1975). The state points out that here the information was drafted substantially in the language of the statute, and concludes that any omitted matters were non-essential. Since any defects were thus non-fundamental and could easily have been remedied if objected to before trial, the state argues that they were waived by the failure to raise them by motion to dismiss. See generally Fla.R. Crim.P. 3.140(o), 3.190(c), and 3.610.
The state is correct in arguing that ordinarily the test for granting relief based on a defect in the charging document is actual prejudice to the fairness of the trial. Lackos v. State, 339 So.2d 217 (Fla. 1976). However, a conviction on a charge not made by the indictment or information is a denial of due process of law. Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940); De Jonge v. Oregon, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278 (1937). If the charging instrument completely fails to charge a crime, therefore, a conviction thereon violates due process. Where an indictment or information wholly omits to allege one or more of the essential elements of the crime, it fails to charge a crime under the laws of the state. Since a conviction cannot rest upon such an indictment or information, the complete failure of an accusatory instrument to charge a crime is a defect that can be raised at any time  before trial, after trial, on appeal, or by habeas corpus. See, e.g., State v. Black, 385 So.2d 1372 (Fla. 1980); State v. Dye, 346 So.2d 538 (Fla. 1977); La Russa v. State, 142 Fla. 504, 196 So. 302 (1940); State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980); Catanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971).
Therefore, if, as the district court found, the information in this case in fact wholly failed to contain allegations of two essential elements of the offense, we would agree with the district court that the question could be initially raised by motion in arrest of judgment. We do not approve the decision of the district court, however, because we find that the district court erred in deciding the first, or preliminary, issue. That is, we hold that there was no failure of the information to allege any of the essential elements of the crime.
The information charged the offense substantially in the language of the statute. However, the district court, while disclaiming the authority to rewrite statutes, held that in order for the statute to be constitutional it had to be construed to require for a conviction proof that the accused: (1) knew the threatened person was to be called as a witness in some judicial proceeding and (2) *819 intended that the threat influence the witness to withhold testimony or testify falsely.
The district court noted that in Lee v. State, 397 So.2d 684 (Fla. 1981), this Court held that section 918.14(3)(a)1 was sufficiently clear to provide a definite warning of the conduct proscribed, measured by common understanding and practice. The district court accordingly acknowledged that it was bound by Lee on the question of vagueness. The district court focused instead on what it saw as the overbreadth of the statute, i.e., its susceptibility of application to "conduct which is essentially innocent." 404 So.2d at 390.
Vagueness, of course, is the term given to that ground of constitutional infirmity of a statute that is based on its failure to convey sufficiently definite notice of what conduct is proscribed. "[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). E.g., Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); Wright v. Georgia, 373 U.S. 284, 83 S.Ct. 1240, 10 L.Ed.2d 349 (1963); Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); International Harvester Co. v. Kentucky, 234 U.S. 216, 34 S.Ct. 853, 58 L.Ed. 1284 (1914). Overbreadth, on the other hand, refers to a challenge to a statute on the constitutional ground that it achieves its governmental purpose to control or prevent activities properly subject to regulation by means that sweep too broadly into an area of constitutionally protected freedom. See, e.g., Moore v. City of East Cleveland, 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977); Bigelow v. Virginia, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975); Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); Winters v. New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948).
Thus the essence of the district court's holding was that unless the statute were construed to require proof of scienter and intent, it would be overbroad in the sense that a literal application of the statute would result in the punishment of innocent conduct. But the court did not say what protected freedoms would be impinged upon by such a literal application or what constitutional limitations on legislative power would be offended against. Moreover, the respondent, in moving to arrest judgment on the ground of defects in the information, did not explicitly raise the issue of the statute's invalidity for overbreadth or identify its impact on any protected freedom. The problem with the district court's analysis is its failure to recognize that unless the law in question directly or indirectly impinges on the exercise of some constitutionally protected freedom, or exceeds or violates some constitutional prohibition on the power of the legislature, courts have no power to declare conduct innocent when the legislature has declared otherwise. Ah Sin v. Wittman, 198 U.S. 500, 25 S.Ct. 756, 49 L.Ed. 1142 (1905).
It is within the power of the legislature to declare conduct criminal without requiring specific criminal intent to achieve a certain result; that is, the legislature may punish conduct without regard to the mental attitude of the offender, so that the general intent of the accused to do the act is deemed to give rise to a presumption of intent to achieve the criminal result. The legislature may also dispense with a requirement that the actor be aware of the facts making his conduct criminal. See Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922); State v. Medlin, 273 So.2d 394 (Fla. 1973); Ex Parte Stoddard, 160 Fla. 188, 34 So.2d 92 (1948); Simmons v. State, 151 Fla. 778, 10 So.2d 436 (1942); La Russa v. State, 142 Fla. 504, 196 So. 302 (1940); Coleman v. State ex rel. Jackson, 140 Fla. 772, 193 So. 84 (1939); State ex rel. Lanz v. Dowling, 92 Fla. 848, 110 So. 522 (1926); King v. State, 85 Fla. 257, 95 So. *820 567 (1923); Smith v. State, 71 Fla. 639, 71 So. 915 (1916); Mills v. State, 58 Fla. 74, 51 So. 278 (1910); McCaskill v. State, 55 Fla. 117, 45 So. 843 (1908); Allen v. State, 124 So.2d 741 (Fla. 1st DCA 1960). A recent decision from the district court of appeal has recognized these principles. State v. Oxx, 417 So.2d 287 (Fla. 5th DCA 1982).
The question of whether conviction of a crime should require proof of a specific, as opposed to a general, criminal intent is a matter for the legislature to determine in defining the crime. The elements of a crime are derived from the statutory definition. There are some authorities to the effect that infamous crimes, crimes mala in se, or common-law crimes may not be defined by the legislature in such a way as to dispense with the element of specific intent, but these authorities are suspect. In Bell v. State, 394 So.2d 979 (Fla. 1981), we held that intent to permanently deprive was still an element of the crime of robbery not because the legislature lacked the power to dispense with it but because it had not clearly evinced a legislative purpose to do so. Moreover, while the crime proscribed by section 918.14(3)(a)1 is akin to the common-law offense known as obstruction of justice, the crime itself is purely statutory.
As was mentioned earlier, in Lee v. State, 397 So.2d 684 (Fla. 1981), we upheld section 918.14(3)(a)1 against a challenge for vagueness. Although not stated in the opinion, it appears likely that in finding the statutory warning sufficiently definite the Court looked at and had in mind the other portions of section 918.14, which make it clear that the legislature intended to prevent threats against witnesses in judicial proceedings made for the purpose of influencing their testimony. However, to say that the statute is intended to apply to those who threaten a witness knowing that the person is a witness and with intent to influence the testimony of the witness does not compel the conclusion that such knowledge and intent are to be deemed elements that must be pleaded and proved in a prosecution under section 918.14(3)(a)1.
We therefore hold that scienter and specific intent are not elements of the crime proscribed by section 918.14(3)(a)1. The information, which was drafted substantially in the language of the statute, was sufficient. The decision of the district court of appeal reversing the trial court's judgment is quashed. The case is remanded with directions to reinstate the judgment and sentence.
It is so ordered.
ALDERMAN, C.J., ADKINS, McDONALD and EHRLICH, JJ., concur.
OVERTON, J., concurs in part and dissents in part with an opinion.
OVERTON, Justice, concurring in part, dissenting in part.
I concur that the information gave the respondent sufficient knowledge of the offense for which he was charged, particularly in view of the record in this case, the availability of broad discovery by our rules, and the failure of the defendant to show any actual prejudice to the fairness of the trial.
I dissent, however, on the majority's construction of section 918.14(3)(a)1, Florida Statutes (1979), that knowledge and intent are not elements of the offense of obstruction of justice. That construction has invalidated the statute. In my view, for a person to obstruct justice he must know that he is in fact obstructing justice. Under this opinion, a defendant could be charged with obstructing justice for interfering with the testimony of a witness when the defendant has no knowledge of any court proceedings or that the interfered-with individual is in fact a witness in a court case. I find the statute as now construed is overbroad and, consequently, it violates the first amendment of the United States Constitution. This construction is not necessary under the facts of this case because knowledge and intent were sufficiently established in the record to sustain this conviction.