DAUKSCH, Judge.
This is an appeal from an order granting appellee’s motion to dismiss a petition for delinquency filed against him. We agree with the state that the trial court erred in granting this motion to dismiss because the petition was not defective and, therefore, reverse.
A two-count petition for delinquency was filed against appellee, Count I alleging trespass on the grounds or facilities of a public school after warning, a first degree misdemeanor, and stating that:
On or about the 5th day of September, 1991, in Orange County, Florida, [appel-lee] did, in violation of Florida Statute 228.091(2), enter or remain upon the campus or any other facility of DR. PHILLIPS HIGH SCHOOL, a public school, after directed to leave or not to enter upon the same by the school’s chief administrative officer or his designees, to-wit: DEPUTY SHERIFF TYRONE ADAMS.
Appellee moved to dismiss the petition for delinquency, his counsel arguing that the petition was defective because there was nothing in the petition which gave a time, date, place “or any other thing as to when he was directed to leave the school property, assuming it happened earlier, which is not in this information.” The trial court agreed and granted the motion to dismiss, finding that, while the petition alleged that on September 5, 1991, appellee violated the statute by remaining on campus after being directed to leave, because the petition did not contain another date upon which appellee was warned, it did not sufficiently allege the necessary “trespass after warning” language.
The trial court erred in granting the motion to dismiss because the petition sufficiently alleged a violation of section 228.-091(2), Florida Statutes (1991).[1] Under Rule 3.140(o), Florida Rule Criminal Procedure,[2] all that is required of an indictment *513 or information is that it sufficiently apprise the accused of the charges against him or her so that the accused may adequately prepare a defense and not be unfairly surprised by the evidence or be exposed to double jeopardy. State v. Butler, 418 So.2d 1221 (Fla. 2d DCA 1982); State v. Kopulos, 413 So.2d 1195 (Fla. 2d DCA), dismissed, 419 So.2d 1195 (Fla.1982). Ap-pellee makes no argument he could not adequately prepare his defense or that he would be subjected to unfair surprise. Nor does he argue that he would be exposed to double jeopardy based on the facts alleged in the petition.
We agree with the state that the petition is not deficient because it fails to allege a specific time at which appellee was directed to leave the property. In A.C. v. State, 538 So.2d 136 (Fla. 3d DCA 1989), the court sustained the facial validity of section 228.-091(2) against a constitutional attack of vagueness. The court held that the statute was not unconstitutionally vague on its face, even though the statute sets no time limit on the school official’s authority to order a person off of public school property. It follows that the language used in the petition was not fatally deficient for failing to allege the specific date when the warning to leave was issued. The petition is sufficient to charge trespass after warning, because it alleges appellee entered or remained upon the high school campus “after directed to leave or not enter ... by the school’s chief administrative officer or his designees.”
Because the trial court erred in dismissing the petition as defective, we reverse the order of the trial court and direct that the petition be reinstated.
REVERSED and REMANDED.
GOSHORN, C.J., and HARRIS, J., concur.

.This statute provides:
(2) Any person who:
(a)l. Is not a student, officer, or employee of a public school;
2. Does not have legitimate business on the campus or any other authorization, license, or invitation to enter or remain upon school property; or
3. Is not a parent, guardian, or person who has legal custody of a student enrolled at such school; or
(b)l. Is a student currently under suspension or expulsion; or
2. Is an employee who is not required by his employment by the school to be on the campus or any other facility owned, operated, or controlled by the governing board of such school and who has no lawful purpose to be on such premises;
and who enters or remains upon the campus or other facility of such school after the chief administrative officer of such school, or any employee thereof designated by him to maintain order on such campus or facility, has directed such person to leave such campus or facility or not to enter upon the same, is guilty of the offense of trespass upon the grounds of a public school facility and is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

. This rule, as recently amended by the Supreme Court of Florida, states:
(o) Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of mis-joinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.
In re Amendments to the Florida Rules of Criminal Procedure, 606 So.2d 227 (Fla.1992) (effective Jan. 1, 1993).