869 So.2d 613 (2004)
Gabriel MORAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-3911.
District Court of Appeal of Florida, Fourth District.
March 10, 2004.
Rehearing Denied April 30, 2004.
*614 Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
This appeal arises from a charge of Attempted First Degree Murder in a charging document that failed to allege premeditation. The defendant was ultimately convicted of attempted second degree murder. For the reasons explained fully below, we hold that any error has been rendered moot by the jury verdict. We affirm the conviction.
On May 15, 2000 at about 3:00 a.m., Betzaida Lopez was walking home from a bar with her family and friends after having just been in a verbal confrontation with the defendant Gabriel Moran and two other gentlemen. Lopez was about ten feet ahead of the rest of the group when a friend noticed an accelerating car approaching. The car, driven by Moran, hit Lopez, causing severe injury.
Moran was charged by information with attempted first degree murder with a deadly weapon and leaving the scene of a crash involving injury. The information, as to count I, read as follows:
[C]harges that GABRIEL CELESTINO MORAN on or about May 15, 2000, in the county of Palm Beach and State of Florida, did unlawfully attempt to commit FIRST DEGREE MURDER, an offense prohibited by law, and in such attempt did an act toward the commission of such offense by driving a motor vehicle at or in the direction of Betzaida LOPEZ and did strike BETZAIDA LOPEZ causing severe injuries, but GABRIEL CELESTINO MORAN failed in the perpetration or was intercepted or prevented in the execution of said offense, contrary to Florida Statutes 777.04(1) and 775E and 775.087(1).(LIFE FEL)
The case went to a jury. After the State rested, defense moved for a judgment of acquittal arguing, inter alia, that the information failed to allege premeditation and failed to specifically reference the First Degree Murder statute. The motion was denied. The jury found Moran guilty, as to count I, of the lesser included offense of Attempted Second Degree Murder and *615 guilty of count II, leaving the scene of a crash involving personal injury.
On appeal, Moran asserts the trial court erred in denying his motion for judgment of acquittal because the information was fundamentally deficient. We need not reach the merits of this argument due to the jury having found Moran guilty of Attempted Second Degree Murder, not First.
The case law relied upon by Moran teaches that a defendant cannot be convicted of a charge not properly charged in the charging document. See, e.g., State v. Gray, 435 So.2d 816 (Fla.1983). Here, Moran complains that the charging document did not adequately charge Attempted First Degree Murder. However, he was convicted of Attempted Second Degree Murder. As a result, he was not convicted of a crime that was improperly charged.
We are compelled to point out that the state ought to have avoided this issue by correctly charging the crime in the first instance. At the very least, after the motion for judgment of acquittal was made, the state should have sought to amend the charging document.
For these reasons we affirm the decision of the trial court.
TAYLOR, J., concurs.
GUNTHER, J., dissents with opinion.
GUNTHER, J., dissenting.
I respectfully dissent.
I disagree with the majority's conclusion that the merits of this case do not need to be reached because of mootness. Additionally, I conclude that the charging document in this case, which both fails to cite the statutory basis for the alleged crime and to address all the elements of the alleged crime, is not a mere technical deficiency. As a result, I would reverse Moran's conviction for attempted second degree murder.
Cases indicate that although technically deficient, an information may withstand a deficiency challenge in two circumstances: (1) where a statutory citation for the crime is given, but all elements are not properly charged and (2) where the wrong (or presumably no) statutory citation is given, but all elements of the crime are properly charged. See, e.g., Fulcher v. State, 766 So.2d 243 (Fla. 4th DCA 2000) (as an example of the first circumstance); McMillan v. State, 832 So.2d 946 (Fla. 5th DCA 2002) (as an example of the second circumstance). In the case at bar, neither circumstance exists.
At issue in this case is the portion of the information that charges Moran with the crime of First Degree Murder, but neither cites the applicable statute nor properly charges all the elements of First Degree Murder. Missing from the information is the statutory citation to Florida Statutes section 782.04 and any reference to the element of premeditation. The State asserts that the information adequately charges Moran with attempted first degree murder with a deadly weapon.
Naming the crime as First Degree Murder in the charging document, in conjunction with presenting evidence and instructing the jury on premeditation, was simply not adequate to place Moran on sufficient notice of the crime charged. If it were, the State will be permitted in the future to simply name the crime without reference to the statutory citation or the elements of the crime and then cure this defect during trial by presenting evidence as to the precise elements of the specific crime and by securing a jury charge that instructs on the uncharged elements. In my view, this would prove detrimental to proper notice and trial preparation. This would be particularly *616 true in cases involving offenses of multiple varieties. For example, there are several types and degrees of battery. See, e.g., Chs. 784, 794, Fla. Stat. (2003). Therefore, including just the word "Battery" in the information without statutory citation and a recitation of the elements would be insufficient to place the defendant on notice of the crime charged.
This is not to say that I do not recognize the concern about a defendant being able to lie in wait and spring a challenge to a defective charging instrument on the State only after a conviction is achieved. See Fulcher, 766 So.2d at 243. But in this case, Moran can meet the heightened burden for relief during the later stages of a case which requires that the information be so fundamentally defective as to not support a conviction. See Ford v. State, 802 So.2d 1121, 1130 (Fla.2001). Moran can meet this burden because the information does not charge a crime under Florida law as it fails to cite a statute or set out the elements of a crime. One logically cannot be convicted of a crime that is not charged. Furthermore, being properly charged is a constitutional right for reasons of due process. See State v. Gray, 435 So.2d 816, 818 (Fla.1983). As such, it is not too much to expect the State to carefully prepare a charging document including either a statutory citation or all elements of the crime, and preferably both. This is not an undue burden when justice and liberty hang in the balance.
Having reached this conclusion, I briefly address the majority's contention that a determination of error on these merits is rendered moot by the jury verdict of attempted second degree murder. The majority cites no authority in support of this proposition. Moreover, there is no explanation or analysis indicating how the majority reached this conclusion. Furthermore, the jury's verdict does not alter the fact that the information was constitutionally defective in the first instance and that the trial court erred by denying a directed verdict on this ground. Because a defect in an information has been recognized to be fundamental error, the outcome of the trial cannot cure the affront to Moran's rights. See Gray, 435 So.2d at 818; Sanford v. Rubin, 237 So.2d 134 (Fla.1970); Johnson v. State, 833 So.2d 252, 255 (Fla. 4th DCA 2002) (stating that an error significant enough to be considered fundamental cannot be harmless); Campbell v. State, 671 So.2d 876 (Fla. 4th DCA 1996).
In sum, I would reverse the denial of the judgment of acquittal.