920 So.2d 146 (2006)
R.R., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-959.
District Court of Appeal of Florida, Fifth District.
February 3, 2006.
*147 James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
R.R. appeals from an order adjudicating him delinquent and placing him into moderate level juvenile detention followed by conditional release. He was charged with a violation of section 784.03(2), which provides:
A person who has one prior conviction for battery, aggravated battery, or felony battery and who commits any second, or subsequent battery, commits felony of the third degree punishable as provided in sections 775.082, 775.083 or 775.084....
The petition alleged that R.R. had a prior battery for which he had been adjudicated January 8, 2003. R.R. argues on appeal that his adjudication for having committed a felony battery should be reduced to a misdemeanor battery because the prosecution failed to establish at the bench trial that he had been adjudicated for committing a prior battery. The court allowed the prosecution to present evidence of a prior battery conviction at sentencing. We affirm.
At the bench trial when the defense argued failure of proof of the prior battery adjudication, the prosecution asked the court for an opportunity to introduce proof of the earlier battery, stating that he thought it should be introduced at the sentencing phase, as if this had been a jury trial. The court ruled the prosecution could present its evidence of the prior battery at sentencing.
At sentencing, the prosecutor advised the court he had asked the clerk to bring the judge the court file for R.R.'s 2003 battery case. He also noted that the sentencing recommendation for the felony battery would be the same were R.R. being adjudicated for the misdemeanor battery and thus no prejudice ensued. When *148 the files arrived in the court, the judge was surprised at the number of prior adjudications. The judge picked out an October 2003 adjudication for battery, saying it was the one that "we've already noticed before" and allowed the prosecution to amend the date referenced in the delinquency petition. The prosecution said it had merely misstated the date of the prior adjudication.
In this case, it appears the judge permitted the state to bifurcate the case in order to establish the adjudication was for a felony, analogous to a jury trial. Although unusual, it does not appear to be a reversible error.
While research did not reveal any cases directly on point, we note that in a similar context, felony DUI cases, the supporting prior convictions, necessary to prove the felony aspect of the DUI, are proven at a later date.[1] However, the allegation of a prior battery adjudication in the petition is essential because it constitutes an essential substantive element of the felony, in this case. See generally, State v. Rodriguez, 575 So.2d 1262 (Fla. 1991).
It is well-settled that an information may be amended before trial or during a trial, unless the defendant is prejudiced by such an amendment. See, e.g., Lackos v. State, 339 So.2d 217 (Fla.1976); State v. Anderson, 537 So.2d 1373, 1375 (Fla.1989); Rivera v. State, 745 So.2d 343 (Fla. 4th DCA 1999); State v. Garcia, 692 So.2d 984 (Fla. 3d DCA 1997); Sanders v. State, 669 So.2d 356 (Fla. 5th DCA 1996).
In this bench-trial case, all of the elements of the offense were set forth in the petition, although the date of the prior conviction was inaccurate. We find no prejudice occurred to R.R. because he was on notice that he was being charged with a felony because of a prior battery adjudication. Dates and times alleged in charging documents are not substantial parts of the document. See Tingley v. State, 549 So.2d 649 (Fla.1989); State v. S.R., 607 So.2d 511 (Fla. 5th DCA 1992).
R.R. also argues that the court improperly imposed $201.00 (domestic violence costs) and $151.00 (rape crisis fund) against him because they are only relevant to adult criminal cases and have no application to juvenile cases. This case is slightly different than B.J.H. v. State, 910 So.2d 945 (Fla. 5th DCA 2005) and V.K.E. v. State, 902 So.2d 343 (Fla. 5th DCA 2005), in that the court here not only imposed these costs against the child, but also declared they would be a "lien of record" against the child's parents.
We recertify the questions posed in B.J.H. and V.K.E. to the Florida Supreme Court regarding the statutory basis for imposing these costs against the child. We add to that the question,
IF A TRIAL JUDGE DOES HAVE THE POWER AND AUTHORITY TO IMPOSE ON JUVENILES IN A JUVENILE DELINQUENCY PROCEEDING, THE MANDATORY SURCHARGES SET FORTH IN SECTIONS 938.08 AND 930.085, IS THERE A STATUTORY BASIS TO IMPOSE THESE COSTS AS LIENS AGAINST THE CHILD'S PARENTS?
*149 AFFIRMED; QUESTION CERTIFIED.
TORPY and LAWSON, JJ., concur.
NOTES
[1] Felony DUI requires three or more supporting DUI convictions, in addition to the conviction charged. In such cases, the supreme court has determined that, in the context of a jury trial, the proceeding had to be bifurcated and that the supporting convictions could only be proven subsequent to the jury conviction for the charged DUI to protect the presumption of innocence accorded to a defendant. See State v. Harbaugh, 754 So.2d 691 (Fla.2000); State v. Rodriguez, 575 So.2d 1262 (Fla.1991).