PER CURIAM.
 

 We affirm the trial court’s denial of appellant’s petition for writ of habeas corpus. The petition argued that the information was fundamentally defective as it failed to track the language of the statute and specifically allege each element of the offense. The information, however, referenced a specific section of the criminal code that sufficiently detailed the elements of the offense and put appellant on notice of the offense charged.
 
 See DuBoise v. State,
 
 520 So.2d 260, 265 (Fla.1988);
 
 Fulcher v. State,
 
 766 So.2d 243, 244-15 (Fla. 4th DCA 2000). The information did not wholly fail to charge a crime.
 
 Cf. State v. Gray,
 
 435 So.2d 816, 818 (Fla.1983). The information was not fundamentally defective.
 
 See Price v. State,
 
 995 So.2d 401 (Fla.2008);
 
 White v. State,
 
 973 So.2d 638 (Fla. 4th DCA 2008).
 
 *1113
 

 See also Moran v. State,
 
 869 So.2d 613 (Fla. 4th DCA 2004).
 

 The information sufficiently put appellant on notice of the offense charged and he was not prejudiced in his defense. His conviction is not subject to attack based on the alleged defect in the information.
 
 See
 
 Fla. R.Crim. P. 3.140(o).
 

 GROSS, C.J., TAYLOR and DAMOORGIAN, JJ, concur.