PER CURIAM.
 

 We affirm this appeal of an order dismissing the appellant’s petition for writ of habeas corpus.
 

 It is true, as he asserts with respect to his first ground for relief, that a petition for writ of habeas corpus is an appropriate vehicle in which to raise a claim that the charging document wholly omits to allege one or more of the essential elements of the crime and therefore fails to charge a crime.
 
 See State v. Gray,
 
 435 So.2d 816, 818 (Fla.1983) (“Since a conviction cannot rest upon such an indictment or information, the complete failure of an accusatory instrument to charge a crime is a defect that can be raised at any time-before trial, after trial, on appeal, or by habeas corpus.”). However, we conclude that the elements were sufficiently alleged, noting specifically that the intent element of conspiracy may be implied.
 
 See State v. Adkins,
 
 553 So.2d 294, 296-97 (Fla. 1st DCA
 
 *85
 
 1989). The information in this case sufficiently tracked the statutory language to give defendant notice of the charged offense.
 
 Compare Price v. State,
 
 995 So.2d 401, 405-06 (Fla.2008);
 
 Jacques v. State,
 
 1 So.3d 1112 (Fla. 4th DCA 2009).
 

 While the trial court should have denied ground one of the petition rather than dismissing it, remand for such an order would be a waste of judicial resources.
 
 See generally Thompson v. State,
 
 945 So.2d 627 (Fla. 4th DCA 2006) (affirming dismissal of rule 8.800(a) motion that should have been denied on the merits);
 
 Richardson v. State,
 
 918 So.2d 999 (Fla. 5th DCA 2006) (refusing to remand for the entry of an order changing the disposition from denial to dismissal).
 

 Affirmed.
 

 GROSS, C.J., MAY and CIKLIN, JJ., concur.