■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD SCHUYLER PLUMMER, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 8, 1972, convicting him of all counts contained in a six-count indictment, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction and sentence for the crime of tampering with a witness (Penal Law, § 215.10), under count five of the indictment, and dismissing said count. As so modified, judgment affirmed. There was insufficient evidence as a matter of law to establish, defendant's commission of the crime of tampering with a witness. There was nothing in the proof adduced at trial to indicate that defendant was aware of the fact that the person he had harassed was then a witness in a pending Family Court matter. Given this state of facts, it was not, and could not, be shown that the objective of his acts of harassment was to attempt to induce the nonappearance of the witness in the Family Court. Nor was there any reliable proof that defendant had any connection with anyone who may have been guilty of this crime. We have considered defendant's other contentions and find them to be without merit. Martuscello, Latham and Cohalan, JJ., concur; Hopkins, Acting P. J., concurs in the modification of the judgment by reversing the conviction and sentence for the crime of tampering with a witness and dismissing count five of the indictment, but otherwise dissents and votes to reverse the judgment in all other respects and to order a new trial, as to all counts other than count five, with the following memorandum: I agree with the majority that the conviction and sentence upon the count in the indictment charging tampering must be reversed and that that count must be dismissed, for the reasons stated in its memorandum. I would go further and reverse the judgment on the other counts and direct a new trial on those counts. The proof against defendant for the counts of robbery and grand larceny depended on the identification testimony of one witness, who for about

two and a half minutes was in the presence of three men who she said committed the crimes. At the trial, defendant and three witnesses testified that at the time of the crimes in question he was present at the office of a guidance counselor. The guidance counselor and the two persons who were with defendant during this period were the three witnesses testifying in support of the alibi. Hence, there was a sharp issue of fact presented to the jury whether defendant was one of the three men who had robbed the store in which the identifying witness was employed. Any error at the trial, accordingly, assumes a critical and magnified importance. The People concede that error was committed in the admission into evidence of a floral wreath and an accompanying card bearing the message "with sympathy from the group", but contend that it was not prejudicial. In the context of the trial, where the verdict of the jury obviously hinged on the evaluation of the testimony concerning identification, the evidence of undue and malevolent pressure placed on the identifying witness could not help but influence the jury against defendant. Moreover, the prosecutor's summation passed the bounds of propriety. At one point he contended that defendant knew who one of the alleged robbers was, because a sister of the alleged robber testified on behalf of defendant, though there was no proof of this acquaintance; at another, the prosecutor submitted his own personal belief that the guidance counselor had no file on defendant, though that witness had not so testified; and at another, the prosecutor referred to the "group" making telephone calls and obscene gestures to the identifying witness in an effort to dissuade her from testifying, though defendant was not linked to these actions. Standing alone, these statements might not be sufficient to warrant reversal; in the atmosphere of this case, coupled with the conceded error in admitting the floral wreath and the card, the prejudice to defendant compels a reversal.