Gabrielli, J.
Defendant appeals from convictions, as affirmed by the Appellate Division, for the crimes of robbery first degree, two counts of robbery second degree and harassment. The order upholding these convictions should be affirmed. Defendant’s additional conviction for the crime of tampering was reversed for the absence of a showing that he was aware that the person harassed was then a witness in another proceeding.
On the afternoon of September 3, 1971, Eileen Murray, a 22-year-old student at St. John’s University, was the victim of a robbery at a store where she was employed as a part-time salesgirl. The defendant and two other young men, who had been observed by her across the street while staking out the store, entered the store, one of whom held a knife to her throat and demanded the money in the cash register. She was told that if she failed to co-operate he would “ slit [her] throat ”. At that time the defendant, who had been standing in front of her, came behind the counter and took her wallet containing $15 and -an accomplice took $285 from the register. She immediately gave descriptions of the robbers to the police.
Three days later Miss Murray again saw defendant in front of the store, at which time he gestured to her by crossing his throat with a finger of his right hand; and she also observed him on 10 to 15 other occasions following the robbery, when he stood in front of the store window during which time he made threatening gestures to her including pointing to his head simulating the operation of a hand gun. The gesture testimony was corroborated by her employer. Additionally, defendant’s sister had also made threatening gestures and Miss Murray was subjected to threatening phoiie calls from the brother of one of the accomplices, and was the recipient of a floral funeral arrangement from “ The Group ”, which had been referred to in one of the threatening phone calls.
The complainant’s testimony* including the precise details of identification, was positive and obviously convincing; and the jury, as was their prerogative, discredited defendant’s alibi testimony which apparently was not believed by the jury.
The defendant seeks a reversal -of his convictions, the main ground assigned being that the trial court erroneously admitted testimony concerning the threatening behavior and actions of *164 others with or in the absence of the defendant. Upon this record, we find there to be no error. While under ordinary or other circumstances error might be charged in permitting testimony of the independent and unconnected actions of others, such was not the casé here as we have pointed out and, further, any claim by defendant in this regard was not preserved on this record, in any event.
The evidence complained of came in as part of the total picture, but, more specifically in connection with the charges of tampering and harassment. On this score, the testimony proved to be the type of circumstantial evidence that was corroborative of complainant’s direct testimony relating to defendant’s individual action and indicated a continuation of the accomplished conspiratorial actions relating to the events prior, during and subsequent to the robbery. Similarly, as in People v. Shilitano (218 N. Y. 161, 179) where testimony was offered of the actions of the defendant’s brother and his attorney in dealing with the witnesses, this court said: ‘ ‘ That such efforts may have some tendency to prove a consciousness of guilt seems to be a fair deduction and, therefore, they were properly received in evidence.” In the bizarre setting of this case, the jury was permitted to deduce, as it so found, that the testimony related to part and parcel of the tampering and harassment charges, either by direct proof or by circumstantial evidence which tended to connect the defendant with the actions complained of. It must be kept in mind, of course, that defendant’s convictions, affirmed by the Appellate Division, included the crime of harassment. Obviously, and apart from the charge of tampering, the questioned testimony was admissible on that charge as well.
If, as found by the jury, this defendant committed any acts which indicated he harassed or tampered with the complainant as a witness, then any similar events or acts committed by Ms accomplices and relatives in concert with and in furtherance of his criminal activity, as related by her and her employer could be found by the jury to have been circumstantially tied to Mm (People v. Shilitano, 218 N. Y. 161, supra). No application was made for instructions excluding this evidence from the jury’s consideration on the robbery count.
*165 That the tampering conviction was reversed by the Appellate Division upon another ground, does not alter the result. The evidence was admitted upon a then live and open charge. No motion for a severance was made before trial. Naturally, if that count had been dismissed at the trial, the defendant could have moved to strike any evidence admitted upon that charge, not connected with the remaining counts. When, however, the dismissal occurred at the Appellate Division, that court, in the interests of justice, could have ordered a new trial if they concluded any unfairness or prejudice existed, which they obviously found lacking.
There was more than ample evidence to sustain the verdicts of guilty; and any alleged errors otherwise advanced by the defendant are insubstantial (People v. Brosnan, 32 N Y 2d 254, 262). The order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.