ANSTEAD, Judge.
The petitioner, Bruce Evan Fischler, is seeking the reversal of an order by the respondent, The State Board of Education, permanently revoking his teaching certificate.
Fischler, a Broward County middle school teacher, was arrested in January of 1975 and charged with several offenses, the principal one being the alleged delivery of 114 pounds of marijuana. In November of 1975 he entered a plea of no contest to the principal charge, adjudication of guilt was withheld, and he was placed on probation for five years, one condition being that he serve six months in the county jail.
On February 19,1976 a petition was filed with the State Board of Education by the Executive Committee of the Professional Practices Council, seeking the revocation of Fischler’s teaching certificate based on the criminal conduct described above. The matter came on for trial before a three member hearing committee of the Professional Practices Council on May 19, 1976. At that time Fischler and the hearing committee apparently entered into a stipulation in which Fischler stipulated to the facts resulting in his arrest and no contest plea and the committee agreed that his punishment would be revocation of his certificate for less than ten years. No testimony or evidence was presented at the hearing. Thereafter the Professional Practices Council issued a document entitled “Findings of Fact, Conclusion of Law and Recommendations”, in which a recommendation was made to the Board of Education that Fis-chler’s certificate be revoked for a period of six years. Fischler filed written objections to the contents of the “Findings of Fact, etc.” alleging numerous errors as to the facts and conclusions contained therein.
On November 4, 1976 the Board of Education rejected the recommendation of the Professional Practices Council and in a written order of January 18, 1977 permanently revoked Fischler’s teaching certificate. Fischler now seeks to set aside that order on three grounds: first, that the Florida statute under which revocation was ordered, Section 231.28, is unconstitutional; second, that the penalty of permanent revocation is too severe; and third, that the Board acted beyond its authority in rejecting the recommendation of the Professional Practices Council.
Section 231.28, Florida Statutes (1975) sets out the authority of the Board of Education to suspend or revoke a teaching certificate and lists various acts of misconduct on which suspension or revocation may be based:
The Department of Education shall have authority to suspend the teaching certificate of any person for a period of time not to exceed 3 years, thereby denying him the right to teach for that period of time, after which the holder may return to teaching as provided in subsection (6); to revoke the teaching certificate of any person, thereby denying him the right to teach for a period of time not to exceed 10 years, with reinstatement subject to *229 provisions of subsection (6); or to revoke permanently the teaching certificate of any person, provided:
(1) It can be shown that such person obtained the certificate by fraudulent means, or has proved to be incompetent to teach or to perform his duties as an employee of the public school system, or to teach in or to operate a private school, or has been guilty of gross immorality or an act involving moral turpitude, or has had his certificate revoked in another state, or has been convicted of a misdemeanor, felony, or any other criminal charge, other than a minor traffic violation, or upon investigation has been found guilty of personal conduct which seriously reduces his effectiveness as an employee of the school board, or has otherwise violated the provisions of law, the penalty for which is the revocation of the teaching certificate, or has refused to comply with the regulations of the State Board of Education or the school board in the district in which he is employed.
While not a model of draftsmanship we find no constitutional flaws in the statute. Fis-chler claims the statute provides three choices of punishment for the same misconduct without sufficient guidelines to determine which of the three punishments apply. We disagree. We feel the statute clearly sets out certain prohibited conduct and authorizes a wide range of discipline, from a brief suspension to permanent revocation,[1] depending on the facts of each case.
The other two points raised by Fis-chler attack the punishment imposed as being excessive and contrary to the recommendation of the hearing committee. As noted previously, this matter proceeded by stipulation before the hearing committee both as to the grounds for revocation and the punishment recommended. When written findings of fact and conclusions were filed, Fischler objected, claiming erroneous statements were contained therein. Fisch-ler’s objections were never ruled upon and it was upon this disputed record that the order of permanent revocation was entered. We find that such record is insufficient to sustain the Board of Education’s action and that this matter should be reversed for a new hearing on the facts.
The transcript of the hearing before the Professional Practices Council reveals two serious deficiencies in the stipulation. First, the transcript reveals a “plea bargaining” type process as a result of which neither side called witnesses or presented evidence. Fischler, in essence, offered to stipulate as to his guilt of certain misconduct, in exchange for an agreed upon punishment, to which the Council had no authority to stipulate. The Council may recommend punishment, but the Board of Education actually determines the punishment. Notwithstanding this, Fischler was advised at the hearing:
“O.K., Mr. Kaye and Mr. Wilson [counsel for the parties], it is the decision of the panel that they will accept your offer of a revocation for a period of time, less than . . . ten years or less.”
Prior to this agreement being reached, the prosecuting attorney stated:
“I know that what this hearing committee does this morning will be examined by the Cabinet [Board of Education], and they, in the end will follow the recommendation of this hearing committee. So, I sort of feel like I’m speaking out of turn, at this time in trying to stipulate. I think that full discretion lies really with the hearing committee.”
Of course, the Cabinet did not follow the committee’s recommendation.
The other deficiency is the lack of record support of the stipulation. After the “agreement” was reached the prosecuting attorney read into the record a proposed stipulation to which Fischler made several objections which were never resolved. And Fischler later objected to the written findings of fact filed and those objections were unresolved.
*230 Permanent revocation is the extreme penalty that may be imposed. In order to sustain such an order it must be supported by competent, substantial evidence.[2] If a stipulation is to form the basis for such an order, the terms thereof and the petitioner’s agreement thereto must appear clearly on the record. The stipulation relied on here is insufficient in both respects, and instead reveals a lack of agreement, as well as a possible misunderstanding of the effect of any agreement. 'Such a stipulation cannot be a substitute for competent substantial evidence.
Accordingly, the petition for writ of cer-tiorari is hereby granted and the order of the State Board of Education permanently revoking the teaching certificate of Bruce Evan Fischler is quashed with directions that this matter be remanded to the appropriate hearing body for further proceedings consistent herewith.
ALDERMAN, C. J., and DOWNEY, J., concur.

. It is questionable whether a permanent revocation without the right to ever apply for reinstatement is lawful. See In re Rassner, 265 So.2d 363 (Fla.1972); The Florida Bar v. Penny, 164 So.2d 5 (Fla. 1964).

. Erwin v. State Dept. of P. & O. R., etc., Board of Dentistry, 320 So.2d 2 (Fla.2d DCA 1975).