**Ex parte John Wayne NIXON.**

No. 58868.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

John Wayne Nixon, pro se.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is a post-conviction application for writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P.

The petitioner was indicted on July 28, 1975, for the offense of burglary. The petitioner pled guilty to the indictment and punishment was assessed at 10 years' imprisonment in the Texas Department of Corrections. No appeal was taken.

On February 27, 1978, the petitioner filed his application for writ of habeas corpus in the trial court. Petitioner alleged ineffective assistance of counsel. The State controverted the appellant's application and denied his allegations but pointed out that the information upon which the petitioner's burglary conviction was predicated was fatally defective. The trial court filed findings of fact which agreed with the State's position and recommended granting the writ of habeas corpus. We hereby grant the relief requested.

The felony information, omitting the formal portions, states that the petitioner:

"did then and there with intent to commit, enter a habitation which was not open to the public, without the effective consent of Jimmy Bowen, the owner, . . . . ."

V.T.C.A., Penal Code, Section 30.02, provides in part:

"(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, *with intent to commit a felony or theft*; . . . ."

It is well established that an indictment or information for burglary must allege that the entry was with the intent to commit theft or a named felony *or* that it allege instead the elements of the felony or theft in the indictment. *Williams v. State,* Tex. Cr.App., 505 S.W.2d 838; *Mitchell v. State,* 118 Tex.Cr.R. 77, 37 S.W.2d 1018. In the instant case, having failed to allege this element of burglary, the indictment was fundamentally defective. *Ex parte Cannon,* Tex.Cr.App., 546 S.W.2d 266.

The petitioner's application for writ of habeas corpus is granted and the prosecution under this indictment is dismissed.

It is so ordered.