Ex parte Patsy Ann PULLIN.

No. 64614.

Court of Criminal Appeals of Texas, En Banc.

Dec. 23, 1980.

Robert Huttash, State's Atty., Austin, for the State.

---

1. Note the exception in prosecutions for rape at V.T.C.A., Penal Code, Section 21.13.

## OPINION

**W. C. DAVIS, Judge.**

This is a post–conviction writ of habeas corpus filed pursuant to Article 11.07, Vernon's Ann.C.C.P. Petitioner contends that the information [1] under which she was convicted is fundamentally defective, in that it fails to allege all of the elements of the offense.

Petitioner was convicted of tampering with a witness. V.T.C.A. Penal Code, Section 36.06 provides:

"(a) A person commits an offense if, *with intent to influence the witness,* he offers, confers, or agrees to confer any benefit on a witness or prospective witness in an official proceeding or coerces a witness or prospective witness in an official proceeding:

\* \* \* \* \* \*

(2) to withhold any testimony, information, document, or thing . . ." (Emphasis added)

The information in the instant case alleged that petitioner,

"did then and there knowingly and intentionally coerce a witness or prospective witness in an official proceeding to withhold testimony and information by threat of violence . . ."

We must agree with petitioner that the information lacks one element of the offense as set out in Sec. 36.06, supra. The information fails to allege the specific culpable mental state, i. e., that the act was done "with intent to influence the witness." We deem this specific culpable mental state to be an essential element of the offense.

We have previously held that where a necessary culpable mental state is not alleged in an indictment or information, such pleading is rendered void. See and compare *Ex parte Nixon,* 571 S.W.2d 32 (Tex.Cr.App.1978); *Ex parte Winton,* 549 S.W.2d 751 (Tex.Cr.App.1977); *Ex parte Cannon,* 546 S.W.2d 266 (Tex.Cr.App.1976). If an indictment or information is fundamentally defective so as to not charge an offense, such pleading may be challenged in a post–conviction writ of habeas corpus. *Ex parte Cannon,* supra; *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975).

Petitioner's application for writ of habeas corpus is granted and the prosecution under this indictment is dismissed.

It is so ordered.

**DOUGLAS, Judge, dissenting.**

V.T.C.A., Penal Code, Section 36.05(a), provides for two modes of committing the offense of tampering with a witness: (1) by offering, conferring, or agreeing to confer a benefit to a witness in an official proceeding with the intent to influence a witness, or (2) by coercing that witness.[1]

The information alleges that appellant "did then and there knowingly and *intentionally, coerce a witness . . . to withhold testimony and information* by threat of violence." (Emphasis added). The attempted coercion of a witness in an official proceeding is an act to be, and was, condemned by the Legislature.

The information alleges a culpable mental state by alleging that appellant know-

---

1. The record reflects that petitioner waived indictment and was convicted upon an information.

1. V.T.C.A., Penal Code, Section 36.05, provides that:

"(a) A person commits an offense if, with intent to influence the witness, he offers, confers, or agrees to confer any benefit on a witness or prospective witness in an official proceeding or coerces a witness or prospective witness in an official proceeding:
"(1) to testify falsely;
"(2) to withhold any testimony, information, document, or thing;

"(3) to elude legal process summoning him to testify or supply evidence; or
"(4) to absent himself from an official proceeding to which he has been legally summoned.
"(b) A witness or prospective witness in an official proceeding commits an offense if he knowingly solicits, accepts, or agrees to accept any benefit on the representation or understanding that he will do any of the things specified in Subsection (a) of this section.
"(c) An offense under this section is a felony of the third degree."

ingly and intentionally coerced a witness. Coerce connotes a threat. One cannot coerce another to withhold testimony without intending to influence the witness. When one is coerced, a rather strong influence has been exerted.

The judgment should be affirmed.

DALLY, J., joins in this dissent.