466 So.2d 293 (1985)
Johnny L. JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-2175.
District Court of Appeal of Florida, Third District.
February 26, 1985.
Rehearing Denied April 12, 1985.
*294 James McGuirk, Coral Gables, for appellant.
Jim Smith, Atty. Gen., Janet Reno, State Atty. and Ira N. Loewy, Asst. State Atty., for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
Appealing his convictions for solicitation to commit perjury and for witness tampering, defendant Jones maintains that the trial court committed reversible error. We disagree and affirm.
With regard to the offense of solicitation to commit perjury Jones's first point is that the charge was unconstitutionally vague and that he was entitled either to dismissal or to a statement of particulars.
Count II of the information charges:
And, JANET RENO, State Attorney of the Eleventh Judicial Circuit of Florida, prosecuting for the State of Florida, in the County of Dade, under oath, information makes that JOHNNY L. JONES on the 19th day of March, 1980, in the County and State aforesaid, did solicit David L. Rouen to commit perjury in an Official Proceeding, an offense prohibited by Section 837.02, Florida Statutes, that is to say, JOHNNY L. JONES did encourage or request David L. Rouen to falsely state under oath before The State Attorney or any Assistant State Attorney of the Eleventh Judicial Circuit of Florida, in an Official Investigation into unlawful compensation or reward for official behavior given by David L. Rouen to JOHNNY L. JONES in which negotiable bearer bond coupons were a portion of the unlawful compensation and a material matter in the investigation, that he, David L. Rouen, did not remember about the said negotiable bearer bond coupons, which statement JOHNNY L. JONES and David L. Rouen both did not believe to be true, being in violation of Section 777.04, Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
Jones was charged not with perjury but with solicitation to commit perjury. The charge included all of the elements necessary to establish the offense of solicitation. See State v. Gaines, 431 So.2d 736 (Fla. 4th DCA 1983) (crime of solicitation is completed when the actor with intent that another person commit a crime, has enticed, advised, incited, ordered or otherwise encouraged that person to commit a crime; crime solicited need not be committed [citing W. LaFave and A. Scott, Handbook on Criminal Law, § 58]); Miller v. State, 430 So.2d 611 (Fla. 4th DCA 1983) (the gist of solicitation is enticement [citing Hutchinson v. State, 315 So.2d 546, 548 (Fla. 2d DCA 1975)]); State v. Keen, 25 N.C. App. 567, *295 214 S.E.2d 242 (1975) (crime of solicitation complete with solicitation, even though there could never have been acquiescence in scheme by one solicited). It is irrelevant that Rouen did not commit perjury or even intend to commit perjury. See Wharton, Criminal Law, § 718 (14th Ed. 1981) (if solicitee refuses, or for some reason fails, to commit the crime solicited, the solicitor is nevertheless guilty of solicitation).
According to Florida Rule of Criminal Procedure 3.140(o):
Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
The information informed Jones of the charge for which he was to be tried; it did not mislead or embarrass him in the preparation of his defense. See Winslow v. State, 45 So.2d 339 (Fla. 1949). We therefore find no abuse of discretion in the trial court's denial of the motion for statement of particulars and no error in the court's refusal to dismiss the charge.
Jones next argues that the evidence was insufficient to prove the charge of solicitation because the state failed to prove the existence of an official proceeding. The record discloses that Rouen told Jones that his bank records had been subpoenaed and that he expected to be served with a subpoena to appear in Dade County before a court reporter and to testify under a grant of immunity. Jones replied:
Well, then you have to always say something. That's always the answer from what I've been told. Just don't remember. Don't remember. There's nothing wrong with amnesia.
Section 837.011(1), Florida Statutes (1979), defines an official proceeding:
"Official proceeding" means a proceeding heard, or which may be or is required to be heard, before any legislative, judicial, administrative, or other governmental agency or official authorized to take evidence under oath, including any referee, master in chancery, hearing examiner, commissioner, notary, or other person taking testimony or a deposition in connection with any such proceeding.
Jones's statements are sufficient to justify a conviction of solicitation to commit perjury within the definition of section 837.011(1).
Jones raises no other challenge to the offense of solicitation to commit perjury and no fundamental error appears sufficient to entitle him to reversal on matters not raised on appeal.
Next, Jones challenges his conviction for witness tampering. In light of the recent decision of the supreme court in State v. Gray, 435 So.2d 816 (Fla. 1983), we are compelled to reject his argument.
Jones also argues that reversal is required because of prejudicial remarks made by the prosecutors during closing argument. Only after the jury retired for deliberations did Jones's counsel request a mistrial. His conduct was insufficient to preserve any error. In State v. Cumbie, 380 So.2d 1031 (Fla. 1980), the court held:
To avoid interruption in the continuity of the closing argument and more particularly to afford defendant an opportunity to evaluate the prejudicial nature of the objectionable comments in the context of the total closing argument, we do not impose a strict rule requiring that a motion for mistrial be made in the next breath following the objection to the remark. Here, Cumbie objected to the prosecutor's comment, and the trial court sustained the objection and instructed the jury to disregard this remark. If Cumbie felt that the judge's admonition was inadequate, he should have informed *296 the judge of this fact at the time of his objection or, at the latest, at the end of the prosecutor's closing argument. The judge then may have been able to give additional curative instructions which may have remedied Cumbie's objection. The motion for mistrial in the present case, made after jury instructions and retirement of the jury for deliberation, however, came too late to preserve Cumbie's objection for appeal. (emphasis added)
Id. at 1033-34. Here, as in Cumbie, the motion came too late to preserve the error. Furthermore, we do not believe that the remarks complained of constitute fundamental error. Cf. Barnes v. State, 58 So.2d 157 (Fla. 1952); Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979), cert. denied, 386 So.2d 642 (Fla. 1980).
Jones's remaining points lack merit.
Affirmed.
FERGUSON, Judge (concurring in part, dissenting in part).
This appeal is brought from convictions for two misdemeanors, (1) solicitation to commit perjury, and (2) witness tampering. I would affirm the conviction for witness tampering but would reverse the conviction for solicitation to commit perjury in an official proceeding.
Jones, while superintendent of county schools, and Rouen, a supplier of teaching materials, became the targets of a State Attorney investigation into bribery and unlawful compensation. Jones was charged with acceptance of unlawful compensation, a felony, along with the two misdemeanors for which he was convicted. A jury acquitted him of the felony charge.
Rouen, unknown to Jones, became the key witness for the State in exchange for a grant of immunity. As part of the immunity package, Rouen, admittedly, was to encourage Jones to commit the offenses for which Jones was subsequently convicted. The undisputed testimony of Rouen on cross-examination was as follows:
Q. Weren't you, Dr. Rouen, instructed to deliberately pressure Dr. Jones in an effort to lure him into a situation whereby he would solicit perjury or tampering with a witness?
A. I definitely was encouraging that, yes.
Q. Was that on your own or were you being told to do that, sir?
A. I was prepared, I believe, in that manner.
Q. By whom, sir?
A. By Mr. DePozsgay [Assistant State Attorney] and Mr. Kost [investigator for State Attorney].
Q. And you went along with it to get your immunity?
A. Yes.
Q. In fact, you were told each time you talked to Dr. Jones to keep talking to him: "They're here with subpoenas, they're here to look at my records, they're immunizing me." They're going to do all that stuff?
A. That's correct.
Q. It was all lies, right?
A. For the most part it was.
Q. Well, first you had already talked and given sworn testimony to Mr. DePozsgay before you ever recorded the first phone call of Dr. Jones, isn't that so?
A. Yes, for the most part they were all lies because for the most part they were still here because I talked to my attorney, but for the most part they were lies.
Q. To deceive Dr. Jones?
A. To lead him on, yes.
Q. All right. So that he would commit a crime?
A. Well, I guess so. I wasn't thinking of it in those words. I was thinking of it mainly to substantiate what I had said.
I did not want to have him commit any crimes on my part. I was  my whole thing was, more or less, to substantiate that there was an arrangement between us, which is what I told them; not to tamper with the witness or that kind of thing that you're speaking of.
I wasn't trying to have him do that.

*297 Q. All right. Now, isn't it a fact, Dr. Rouen, that you were told not only to substantiate any agreement or arrangements between you and Dr. Jones, but to see if you can get him to solicit you to commit perjury, tamper with you as a witness; isn't that so?
A. Yes.
Rouen's participation was arranged in cooperation with Maryland officials, and conducted in part from where he lived in Baltimore, Maryland. The alleged dissuading statement was made by Jones in a long distance telephone conversation with Rouen. In response to Rouen's request for advice as to what Rouen should do if he were called to give statements in some unspecified proceeding,[1] Jones said:
Well, then you have to always say something. That's always the answer from what I've been told. Just don't remember. There's nothing wrong with amnesia.
The State contends that the above statement constituted the gist of the perjury offense. Since the specific criminal conduct was not alleged and the motion for statement of particulars was denied,[2] it cannot be determined whether the State relied on any other conduct or speech in charging the offense of witness tampering.
The grounds for my partial dissent are clear-cut. On the substantive issues, the implicit majority holdings are (1) as a matter of law, a State Attorney investigation is an official proceeding for the purpose of the perjury statute, § 837.02, Fla. Stat. (1979), and (2) an accused may be convicted of solicitation to commit perjury in an official proceeding even in the absence of proof of an ongoing or scheduled official proceeding as statutorily defined. I disagree with both propositions. A third holding is that an accused may be convicted of witness tampering even where the evidence shows (and the State concedes) that at the time of the alleged offense the accused did not know that the person tampered with, an accomplice in the activities being investigated, had become a witness for the State. Although I disagree in principle with that proposition as well, it finds support in Florida law.

SOLICITATION TO COMMIT PERJURY
Appellant was charged with solicitation to commit perjury under Sections 777.04(2)[3] and 837.02, Florida Statutes (1979). Section 837.02 provides:
Perjury in official proceedings. 
(1) Whoever makes a false statement, which he does not believe to be true, under oath in an official proceeding in regard to any material matter shall be guilty of a felony of the third degree, ... [e.s.]
The term "official proceeding" as used in Chapter 837 is defined in Section 837.011:[4]
837.011 Definitions.  In this chapter, unless a different meaning plainly is required:
(1) `Official proceeding' means a proceeding heard, or which may be or is required to be heard, before any legislative, judicial, administrative, or other governmental agency or official authorized to take evidence under oath, including any referee, master in chancery, hearing examiner, commissioner, notary, or other person taking testimony or a *298 deposition in connection with any such proceeding. [e.s.]
At the charge conference which followed the conclusion of all the evidence, the State requested, and the defendant objected to, the following instruction which the court subsequently gave the jury:
Now, an official investigation by the State Attorney or any Assistant State Attorney for the Eleventh Judicial Circuit of Florida into unlawful compensation or reward for behavior is an official proceeding and the State Attorney or any Assistant State Attorney is authorized by law to administer oaths or affirmations into official investigations and an oath includes affirmations or any other form of attestation required or authorized by law which a person acknowledges that he is bound in conscience and law to testify truthfully in official proceedings. [e.s.]
An instruction which invades the province of the jury to the extent of taking from it the determination of any essential element of the offense charged violates constitutional due process requirements. Henderson v. State, 155 Fla. 487, 20 So.2d 649 (1945) (every element of a criminal offense must be proved sufficiently to satisfy the jury, not the court, of its existence); Wheelis v. State, 340 So.2d 950 (Fla. 1st DCA 1976) (same).[5] The elements of perjury in an official proceeding are:
(1) Defendant took an oath to speak the truth in a particularly described official proceeding.
(2) The oath was made to a particular person who was acting in an official capacity in that proceeding.
(3) Defendant while under oath made the specific statement.
(4) The statement was false.
(5) Defendant did not believe the statement was true when he made it.
Florida Standard Jury Instructions in Criminal Cases, 1981.
The instruction given by the court departed from this standard instruction, and relieved the jury of its responsibility to find at least one essential element of the offense  a specific official proceeding. The instruction required the jury to find an official proceeding if it found that the State Attorney was conducting an official investigation.
Contrary to what is concluded in the jury instruction, however, not every stage of a State Attorney investigation is an official proceeding. The determination as to whether such a proceeding is "official" under the perjury statute requires an examination of the surrounding factual circumstances. See State v. Witte, 451 So.2d 950 (Fla. 3d DCA 1984) (officiality of a particular proceeding depends on its purpose and the authority from which it derives; under this test, pre-filing conference was found to be an official proceeding); McCoy v. State, 338 So.2d 52 (Fla. 4th DCA 1976) (assistant state attorney destroyed the officiality of proceeding by directing that the testimony be taken by police officers at the police station rather than taking the testimony himself in the State Attorney's office). See *299 also State v. Leighton, 365 So.2d 397 (Fla. 4th DCA 1978), appeal dismissed, 368 So.2d 1369 (Fla. 1979) (in prosecution for perjury in a State Attorney investigation under Section 837.02, State must prove all of the elements of an official proceeding at trial).
Not only did the instruction in this case constitute fundamental error as a matter of law, but it was also unsupported by any facts in evidence. The State's requested instruction filled a gaping omission of crucial evidence in that at the time of the telephone conversations between Jones and Rouen, recorded on instruction of both Florida and Maryland agents, there was no evidence of any ongoing or planned official proceeding as defined in Section 837.011.
The recorded phone conversations admitted into evidence did not aid the State's case in this respect. In one conversation on March 16, 1980, three days prior to Jones' "amnesia" statement, Rouen told Jones that "they" were going to subpoena Rouen before a court reporter and take testimony. Rouen then suggested that if he refused to cooperate, "they" would subpoena him before the Grand Jury. On the date of the alleged incriminating statement, Rouen said to Jones that his lawyer felt that Rouen would be subpoenaed to appear in Dade County, but that there had been no formal request. Later in the conversation Rouen claimed that he received notice from a bank that his records were subpoenaed by a Baltimore City prosecutor or officer. Finally, in a taped conversation on March 20, Rouen told Jones that he had been served with a Maryland subpoena to appear before the State Attorney for the State of Maryland. Even if the charged offense could be based on an attempt to solicit perjury in any one of these nonexistent "proceedings,"[6] the State had the burden of specifying which proceeding and further proving that such proceeding was "official." In the absence of such proof, the conviction for solicitation to commit perjury in an official proceeding cannot stand.

WITNESS TAMPERING
Section 918.14, Florida Statutes (1979) prohibits witness tampering. Jones was charged under subsection (1)(b) of that statute, which provides:
(1) It is unlawful for any person, knowing that a criminal trial, an official proceeding, or an investigation by a duly constituted prosecuting authority,[[7]] a law enforcement agency, a grand jury or legislative committee, or the Judicial Qualifications Commission of this state is pending, or knowing that such is about to be instituted, to endeavor or attempt to induce or otherwise cause a witness to:
* * * * * *
(b) Withhold any testimony, information, document, or thing. [e.s.]
Several recent Florida cases support appellant's contention that two necessary elements of witness tampering are (1) knowledge that the person tampered with is a witness, and (2) corrupt intent. State v. Butler, 418 So.2d 1221 (Fla. 2d DCA 1982); Deehl v. Knox, 414 So.2d 1089 (Fla. 3d DCA 1982); Gray v. State, 404 So.2d 388 (Fla. 5th DCA 1981). While this appeal was pending, however, the Florida Supreme Court reversed the fifth district's opinion in State v. Gray, 435 So.2d 816 (Fla. 1983) holding that:
[T]o say that the statute is intended to apply to those who threaten a witness knowing that the person is a witness and with intent to influence the testimony of the witness does not compel the conclusion that such knowledge and intent are *300 to be deemed elements that must be pleaded and proved in a prosecution under section 918.14(3)(a)1. Id. at 820.
State v. Gray suggests that defendant could be convicted on the evidence. Nevertheless, more must be said on the subject.
The partial dissent in Gray states the law as applied in every case we have found which was decided in the last fifty years. Justice Overton, referring to the above majority holding, wrote:
In my view, for a person to obstruct justice he must know that he is in fact obstructing justice. Under this opinion, a defendant could be charged with obstructing justice for interfering with the testimony of a witness when the defendant has no knowledge of any court proceedings or that the interfered-with individual is in fact a witness in a court case. I find the statute as now construed is overbroad and, consequently, it violates the first amendment of the United States Constitution. Id.

This case presents that scenario which Justice Overton thought would illustrate the overbreadth of the Gray holding. The State concedes that at the time of the recorded conversations the defendant did not know that Rouen had become a witness for the State. All the authorities hold that knowledge or intent is necessary for a conviction. See cases collected infra notes 8 & 9. The State argues that "witness," as the term is used in the statute, is broad enough to include anyone who could become a witness because of some knowledge of the offense. No authority is cited for the proposition.
One of the earliest United States Supreme Court cases on the subject is Pettibone v. United States, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419 (1893) which construed the federal witness tampering statute, now 18 U.S.C. § 1503 (1966). Consistent with the dissent in Gray, the court noted first that justice can be obstructed only when, in fact, justice is being administered. Further, it held:
[U]nless that fact exists, the statutory offense cannot be committed and while, with knowledge or notice of that fact, the intent to offend accompanies obstructive action, without such knowledge or notice the evil intent is lacking.
The federal courts are uniformly in accord that knowledge and corrupt intent must be proved although there is no unanimity on the question of whether such knowledge and intent must also be pleaded.[8] All the modern state cases we have examined also hold that at least one of the two elements, corrupt intent or knowledge, is an essential element which, if in issue, must be found by the trier of fact.[9]
Here, the elements of criminal intent and knowledge were squarely placed in issue at trial. But Florida, standing alone, holds that it is not necessary to prove either knowledge or criminal intent. Being bound *301 by the expressed wisdom of the Florida Supreme Court, I agree with the majority, reluctantly, that there can be a conviction for witness tampering even in the absence of knowledge by the accused that the person tampered with is a witness.
NOTES
[1] In fact, at the time, Rouen had not been called to testify in any jury or other official proceeding.
[2] On this point appellant raises additional issues which I do not discuss here, but which appear to have merit: (1) denial of his motion for statement of particulars was an abuse of discretion, (2) it constituted double jeopardy to convict him for two crimes based on the same act, and (3) the prosecutor's improper comments constituted reversible error.
[3] The solicitation aspect of the charge is not at issue in this appeal. Solicitation to commit the offense is one degree removed from actual commission of the offense. § 777.04, Fla. Stat. (1979).
[4] There is a lesser offense of perjury in an unofficial proceeding. § 837.012, Fla. Stat. (1979). Although the facts supported an instruction on solicitation to commit perjury in an unofficial proceeding, neither the State nor defense counsel requested such an instruction.
[5] The federal courts, without exception, are in accord. Mims v. United States, 375 F.2d 135 (5th Cir.1967) (trial court's instruction that the evidence proved an issue as a matter of law deprived accused of a substantial right and was reversible error even without an objection by defendant); United States v. McKenzie, 301 F.2d 880 (6th Cir.1962) (no matter how conclusive evidence may be, in a criminal case on a controverted material fact, the trial judge cannot make the finding or withdraw the issue from the jury); Roe v. United States, 287 F.2d 435 (5th Cir.), cert. denied, 368 U.S. 824, 82 S.Ct. 43, 7 L.Ed.2d 29 (1961) (no fact, not even an undisputed fact, may be determined by the judge; the plea of not guilty puts all at issue, even the most patent truths). In Brooks v. United States, 240 F.2d 905 (5th Cir.1957), a case close on point, the defendant was charged with perjury for testifying falsely as a witness before the Internal Revenue Service. At issue was the authority of a federal agent to administer oaths in the year 1955, and the court instructed the jury that, as a matter of law, the agent was so authorized. In reversing and remanding for a new trial, the court held the instruction violative of the defendant's constitutional right to a trial by jury as guaranteed by the sixth amendment because it took away from the jury its function of determining whether or not they believed beyond a reasonable doubt that Perry was an officer authorized to administer oaths in 1955.
[6] I do not address the question whether one may be guilty of solicitation to commit perjury in what he mistakenly believes to be an official proceeding. But see Pettibone v. State, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419 (1893) (justice can be obstructed only when, in fact, justice is being administered).
[7] Unlike the offense of perjury in an official proceeding, the crime of witness tampering can be committed in the course of an investigation by a duly constituted prosecutor even though the proceeding is not official. Cf. § 837.02, Fla. Stat. (1979).
[8] As to the well-settled rule that both corrupt intent and knowledge that witness is such are essential to conviction for witness tampering in federal system, see United States v. Haas, 583 F.2d 216 (5th Cir.1978), cert. denied, 440 U.S. 981, 99 S.Ct. 1788, 60 E.Ed.2d 240 (1979); United States v. Ryan, 455 F.2d 728 (9th Cir.1971); Broadbent v. United States, 149 F.2d 580 (10th Cir.1945); Odom v. United States, 116 F.2d 996 (5th Cir.1941). As to whether these elements must be specifically alleged in an indictment charging witness tampering, compare Genna v. United States, 293 F. 387 (7th Cir.1923) (knowledge must be charged in indictment) with Parsons v. United States, 189 F.2d 252 (5th Cir.1951) (knowledge and intent need not be charged in indictment) and United States v. Zolli, 51 F.R.D. 522 (E.D.N.Y. 1970) (same).
[9] See Wallace v. State, 27 Ala.App. 537, 176 So. 310, cert. denied, 234 Ala 550, 176 So. 310 (1937) (knowledge as essential element of witness tampering); State v. Verive, 128 Ariz. 570, 627 P.2d 721 (Ct.App. 1981) (intent to dissuade witness is element of attempt to dissuade a witness), People v. Plummer, 44 A.D.2d 573, 353 N.Y.S.2d 51 (App.Div. 1974), aff'd, 36 N.Y.2d 161, 325 N.E.2d 161, 365 N.Y.S.2d 842 (1975) (knowledge as essential element of witness tampering); Ex Parte Pullin, 608 S.W.2d 935 (Tex. Crim. App. 1980) (intent as statutorily-required element of offense of witness tampering); State v. Stroh, 91 Wash.2d 580, 588 P.2d 1182 (1979) (knowledge but not intent as essential element of witness tampering): State v. Lynch, 84 W. Va. 437, 100 S.E. 284 (1919) (both intent and knowledge must be averred in indictment as well as proved at trial).