PER CURIAM.
This appeal is brought from a final order of the Education Practices Commission which directs the appellant to voluntarily and irrevocably relinquish a teaching certificate.
The order is based on a stipulation whereby the appellant agreed to surrender his teaching certificate if convicted of pending criminal charges in exchange for a continuation of a scheduled administrative proceeding based on the same criminal conduct. There is now a disagreement as to what was the intent of the parties.[1]
When the stipulation was entered into there were two cases pending against the appellant involving felony and misdemean- or offenses. After a trial and appeals, appellant was convicted of two misdemeanors.[2] He contends that the stipulation contemplated only felony convictions — that he would never have agreed to such a severe sanction based on misdemeanor convictions. The Commission’s position is that the relinquishment agreement was not conditioned on a felony conviction.
In many respects the agreement, which would ordinarily resolve such a dispute, is extraordinary. According to on-the-record discussions the parties contemplated a written stipulation containing “specifics,” but the agreement was never executed or even drafted.[3] The attorney who negotiated the agreement for appellant is deceased. The “parameters” of the agreement were placed on the record in the June 21, 1982, pre-trial administrative hearing by the attorney for the Educational Practices Commission, in the appellant’s absence. The attorney who appeared for the appellant at the pre-trial hearing, although a member of the deceased attorney’s law firm, may never have discussed with the appellant or the deceased attorney the specifics which give rise to the present controversy.
Fischler v. Askew, 349 So.2d 227 (Fla. 4th DCA 1977) is instructive. In reviewing an order of the State Board of Education permanently revoking a teaching certificate based on a stipulation to the same facts *813 which supported a guilty finding in a felony prosecution, the court held:
Permanent revocation is the extreme penalty that may be imposed. In order to sustain such an order it must be supported by competent, substantial evidence. If a stipulation is to form the basis for such an order, the terms thereof and the petitioner’s agreement thereto must appear clearly on the record. The stipulation relied on here is insufficient in both respects, and instead reveals a lack of agreement, as well as a possible misunderstanding of the effect of any agreement. Such a stipulation cannot be a substitute for competent substantial evidence.
Fischler, 349 So.2d at 230 (footnote omitted). See also Troup v. Bird, 53 So.2d 717 (Fla.1951) (stipulation must be carefully examined to determine whether language used actually discloses a clear, positive and definite stipulated fact; ambiguous, vague, or loosely worded statement is not binding); Tall Trees Condominium Ass’n v. Division of Florida Land Sales & Condominiums, 455 So.2d 1101 (Fla. 3d DCA 1984) (agency findings must be supported by competent substantial evidence in the record as a whole).
We need not go as far as did the court in Fischler to hold the stipulation insufficient because the case comes to us in a different procedural posture. With the case before it on the Department’s motion to enforce the stipulation, the administrative tribunal denied appellant’s request for a continuance where he would, allegedly, produce evidence to show that the agreement between the parties was other than as interpreted by the Commission. An evidentiary hearing might have shed light on the validity of the stipulation, ab initio and, if valid, the actual intent of the parties when it was presented. Under these circumstances we think denial of the motion for continuance was an abuse of discretion. Carpenter v. Carpenter, 451 So.2d 914 (Fla. 1st DCA 1984) (special circumstances may require continuance where there has not been time to prepare properly and where continuance causes no substantial prejudice or injustice to the opposing party).
Reversed and remanded for further consistent proceedings.

. From the Commission’s point of view the purpose served by the stipulation was the avoidance of a costly administrative hearing. The continuance was "without any prejudice whatsoever to the Commissioner of Education to [resume the proceeding] at such time as the two appeals have been decided one way or another by the Third District Court.”

. Jones v. State, 466 So.2d 293 (Fla. 3d DCA), review denied, 478 So.2d 53 (Fla.1985).

. If it was the intent of the parties that there would be no binding stipulation until the negotiations were reduced to writing, which is not clear, the agreement would not be enforceable. See Club Eden Roc, Inc. v. Tripmasters, Inc., 471 So.2d 1322 (Fla. 3d DCA 1985), review denied, 482 So.2d 350 (Fla.1986). The Hearing Officer, at the June 21, 1982, proceeding, instructed the parties:
And once I get that agreement signed by both parties, I will enter my formal order staying the proceeding. I would ask that you all notify me as to the occurrence of opinions of the Third DCA appeal cases.
Portending the present dilemma, she concluded:
That’s why I would like you to put it in writing, just to be very specific.
******
Just think that a written stipulation may prevent problems in the future.