**Juan HERRERA, Petitioner,**

v.

**Christopher ARTUZ, Respondent.**

**No. 99 Civ. 2425(HB).**

United States District Court,
S.D. New York.

April 17, 2001.

---

Juan Herrera, Stormville, NY, pro se.

David M. Cohn, Robert M. Morgenthau, District Attorney, New York City, for respondent.

## OPINION & ORDER

BAER, District Judge.

Pro se petitioner Juan Herrera seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his April 13, 1993 conviction for murder in the second degree and arson in the second degree. Herrera raises the following challenges to his conviction: (1) that the state trial court erred in admitting evidence of petitioner's threatening gesture to a State's witness, (2) that the court's erroneous *Sandoval* ruling prevented him from testifying at trial, and (3) that the court's sentence was excessive. For the following reasons, the petition is dismissed.

## BACKGROUND

On February 24, 1992, petitioner was convicted of murder in the second degree N.Y. Penal Law § 125.25[1], and arson in the second degree, N.Y. Penal Law § 150.15. The judge sentenced petitioner, a second violent felony offender, to consecutive prison terms of twenty-five years to life imprisonment for the second degree murder count and twelve and a half to twenty-five years for the second degree arson count.

Evidence introduced at trial established that petitioner shot and killed Roberto Carrion, his roommate and brother-in-law, in their apartment on February 14, 1992.

After the murder, Herrera set the apartment on fire and left the building. When he returned, he alerted the Housing Police to the fire and allowed the police to enter the apartment. After the fire department arrived and extinguished the fire, a firefighter discovered Carrion's partially burned body in a rear bedroom of the apartment. An autopsy revealed that the cause of death was three gunshot wounds, two to the head and one to the left forearm.

While the fire department and the police investigated the scene, petitioner made several unsolicited statements to various police officers regarding his whereabouts earlier that morning. An autopsy conducted on Carrion's body revealed he had been shot at a time when petitioner claimed he and Carrion had been alone in the apartment. Other evidence implicated petitioner including a fresh burn on his arm that he claimed he received a week earlier while cooking.

Before trial, the court considered whether evidence of petitioner's prior convictions was admissible for impeachment purposes. *See People v. Sandoval,* 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1974). After reading petitioner's rather extensive criminal history into the record, the trial court ruled that petitioner's 1998 conviction for arson in the second degree was admissible for impeachment purposes but the court forbid any inquiry into the underlying facts and circumstances of the conviction.

Herrera did not testify at trial but rested his defense on a challenge to the reliability of the State's witnesses. The jury found petitioner guilty of murder in the second degree and arson in the second degree. On appeal, Herrera argued that the trial court had erred in admitting evidence of an alleged threatening gesture he

made to one of the witnesses, had erroneously ruled that evidence of prior crimes was admissible for impeachment purposes, and had abused its discretion in sentencing him to consecutive terms. The Appellate Division rejected Herrera's arguments and unanimously affirmed his conviction. *See People v. Herrera,* 245 A.D.2d 12, 665 N.Y.S.2d 643 (1997). Petitioner filed an application for leave to appeal to the New York Court of Appeals, but his application was denied without comment on June 8, 1998. *See People v. Herrera,* 92 N.Y.2d 853, 677 N.Y.S.2d 83, 699 N.E.2d 443 (1998). On April 1, 1999, Herrera filed this petition.

## DISCUSSION

### I. Standard of Review

■ A federal court's review of state proceedings on a habeas petition is limited. 28 U.S.C. § 2254(d) precludes federal habeas relief unless a federal court finds that the state court's adjudication of the merits of the claims either:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *see also Williams v. Taylor,* 529 U.S. 362, 390, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Mitchell v. Herbert,* No. 97 Civ. 5128, 1998 WL 186766, at *2 (S.D.N.Y. Apr. 16, 1998). Petitioners bear the burden of proving violations of federal law by a preponderance of the evidence. *See Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir.1997).

■ Trial court rulings on evidentiary issues generally "do not rise to the level of a Constitutional violation" even if the ruling was erroneous. *See Simmons v. Ross,* 965 F.Supp. 473, 480 (S.D.N.Y.1997); *see also Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Thus a habeas court may review a state court's evidentiary ruling "only if it was so egregious that it rendered the petitioner's trial fundamentally unfair in violation of due process." *See Espinal v. Duncan,* No. 00 Civ 4844, 2000 WL 1774960, at *2 (S.D.N.Y. Dec. 4, 2000).

■ Moreover, if a petitioner procedurally defaulted in state court, a federal court may only consider a claim in which the petitioner can show cause for the default and resulting prejudice. *See Epps v. Commissioner of Correctional Services,* 13 F.3d 615, 618 n. 1 (2d Cir.1994) (citing *Coleman v. Thompson,* 501 U.S. 722, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

### II. Evidence of the Alleged Threatening Gesture

Petitioner argues that the trial court erred in permitting the State to introduce evidence of an alleged threatening gesture that petitioner made to a police detective during the detective's trial testimony. The detective claimed that during a break in his testimony petitioner pointed in the detective's direction and "put his finger across his throat in a slicing motion." *See* Tr. at 280. After hearing the detective's allegation outside the presence of the jury, the court ruled that the testimony was admissible but limited it to a description of the alleged motion and did not allow the detective to comment on the defendant's meaning. *See* Tr. 283–284.

■ Courts will admit evidence of a defendant's conduct that reveals a guilty mind including evidence of coercion and harassment of a witness. *See People v. Bennett,* 79 N.Y.2d 464, 583 N.Y.S.2d 825,

593 N.E.2d 279, 283 (1992); *People v. Plummer*, 36 N.Y.2d 161, 365 N.Y.S.2d 842, 325 N.E.2d 161 (1975) (holding that evidence of defendant's threatening behavior toward a witness was admissible); *People v. Yazum*, 13 N.Y.2d 302, 246 N.Y.S.2d 626, 196 N.E.2d 263 (1963) (holding that evidence of the defendant's attempted escape was admissible); *United States v. Mickens*, 926 F.2d 1323 (2d Cir.1991) (holding that evidence that the defendant held his hand in the shape of a gun as the witness entered the courtroom was admissible). Here, it was clearly within the trial court's discretion to admit limited evidence of petitioner's gesture as probative of his state of mind.

Petitioner also argues that this evidence should have been excluded because, as consciousness of guilt evidence, it is inherently weak. "Even equivocal consciousness-of-guilt evidence may be admissible so long as it is relevant, meaning that it has a tendency to establish the fact sought to be proved—that defendant was aware of guilt." *See People v. Bennett*, 79 N.Y.2d at 470, 583 N.Y.S.2d 825, 593 N.E.2d 279; *see also People v. Yazum*, 13 N.Y.2d at 302, 246 N.Y.S.2d 626, 196 N.E.2d 263 (limited probative force of flight evidence is no reason for exclusion). Courts, of course, must also consider whether the probative value of the evidence outweighs the prejudice. *See Bennett*, 583 N.Y.S.2d 825, 593 N.E.2d at 283 n. 2.

Numerous courts have held, as the trial court did here, that evidence of threatening behavior by the defendant was relevant and admissible. *See Bennett*, 583 N.Y.S.2d 825, 593 N.E.2d at 283; *Plum-*

*mer*, 365 N.Y.S.2d 842, 325 N.E.2d 161; *Yazum*, 246 N.Y.S.2d 626, 196 N.E.2d 263; *Mickens*, 926 F.2d 1323. In light of these decisions, the trial court was well within its discretion to determine that this evidence was relevant, and petitioner's claim must be denied.

### III. The Trial Court's *Sandoval* Ruling

Petitioner argues that the trial court's *Sandoval* ruling to admit evidence of his prior arson conviction for impeachment purposes was erroneous and prevented him from testifying at trial.

To determine whether a trial court abused its discretion in allowing evidence of past crimes for impeachment purposes, a reviewing court must be able to make a finding that the probative value of the prior conviction outweighed its prejudicial effect. *See Luce v. United States*, 469 U.S. 38, 43, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). However, it is well established that when a defendant does not testify, a court does not have an "adequate non-speculative basis upon which to assess the merits of that claim," and, therefore, the reviewing court is procedurally barred from considering a challenge to the trial court's ruling. *See Peterson v. LeFevre*, 753 F.Supp. 518, 521 (S.D.N.Y.1991); *see also United States v. Weichert*, 783 F.2d 23, 25 (2d Cir.1986) (holding that defendant who did not testify failed to raise and preserve impeachment issue on appeal). Since Herrera did not testify, I am barred from considering his challenge to the court's *Sandoval* ruling.[1] *See Luce*, 469 U.S. at 43, 105 S.Ct. 460 ("We hold that to

---

**1.** It is clear, however, that the trial court acted within the significant discretion accorded to it by the Court of Appeals when it admitted only limited evidence of a single crime from among a litany of prior convictions. *See Bennett*, 583 N.Y.S.2d 825, 593 N.E.2d at 282 ("A *Sandoval* ruling, which

balances the probative value of the evidence against the risk of unfair prejudice is largely if not completely a discretionary determination for the trial court and fact-reviewing intermediate appellate courts, and generally no further review by this Court is warranted.").

raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify."); *see also Long v. Andrews,* No. 99 Cv. 7553, 2000 WL 1716443, at *4 (E.D.N.Y. November 13, 2000); *Stevenson v. Strack,* No. 96 Civ. 8429, 1999 WL 294805, at *5 (S.D.N.Y. May 11, 1999) ("It is well settled that a petitioner's failure to testify at trial is fatal to any claim of constitutional deprivation arising out of a *Sandoval* type ruling."); *McEachin v. Ross,* 951 F.Supp. 478, 481 (S.D.N.Y.1997). Thus, Herrera's petition on this ground is denied.

## IV. Excessive Sentence

As his final ground for habeas relief, petitioner claims that the trial court's imposition of a consecutive sentence totaling thirty-five years to life imprisonment was erroneous due to his age and the fact that the state's attorney proposed the imposition of concurrent sentences.[2] Petitioner does not dispute that his sentence with within the range prescribed by New York state statute nor does he dispute that the trial court had discretion to sentence him to consecutive terms pursuant to McKinney's Penal Code § 70.25.

 It is well settled that when a sentence is in accord with the range established by state statutory law there is no constitutional issue presented for habeas review. *See White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992); *see also Mitchell v. Herbert,* No. 97 Civ. 5128, 1998 WL 186766, at *7 (S.D.N.Y. April 20, 1998). Rather, a petitioner must show the trial court's sentencing decision amounted to an improper, "arbitrary or capricious abuse of discretion" that deprived the petitioner of his liberty. *See Jones v. Hollins,* 884 F.Supp. 758, 761–62 (W.D.N.Y.), *aff'd,* 89 F.3d 826 (2d Cir.1995). Accordingly, the imposition of consecutive sentences is found to run afoul of the Eighth Amendment "only under extraordinary circumstances." *Salcedo,* 107 F.Supp.2d at 414.

 In light of this standard, the trial court's imposition of consecutive sentences was clearly an appropriate exercise of discretion and does not provide a ground for habeas review.[3] *See United States v. Jaramillo–Montoya,* 834 F.2d 276, 279 (2d Cir.1987). Petitioner's extensive criminal record, the heinous nature of the crime involved, and petitioner's lack of remorse,[4] all support the trial court's decision. Thus, there are no extraordinary circumstances that warrant petitioner's claim that his sentence is excessive and amounts to cruel and unusual punishment. Accordingly, this claim for habeas relief is also denied.

## CONCLUSION

For the reasons stated above, the petition is denied, and the clerk is instructed to close the case.

## IT IS SO ORDERED.

---

2. Although the pro-se petitioner does not explicitly allege it, I will presume for the purposes of this review that the gravamen of this claim is that the consecutive sentence violates his Eighth Amendment rights.

3. The fact that the state recommended concurrent sentences does not impact the analysis as the trial court is not bound by this recommendation.

4. After the conviction, petitioner still refused to take responsibility for the crime.